CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILROAD
COMPANY v. MEDLOCK.

[No. 23,108. Filed March 1, 1918.]

1. PLEADING. — Facts or Conclusions. — Negligence of Fellow
Servant.—In an action under the Employers' Liability Act
(Acts 1911 p. 145, §8020a et seq. Burns 1914) for injury to
plaintiff while reloading logs on a car, an allegation that plain-
tiff's fellow servants "carelessly and negligently cut, unfastened
and loosened the wires holding the logs on the car, thereby
causing the logs to roll," was sufficient as against the objec-
tion that it stated a conclusion, where other allegations clearly
showed the plaintiff to be at work in the course of his em-
ployment under conditions which required that his coworkers
should do no act tending to cause his injury, in view of §343a
Burns 1914, Acts 1913 p. 850, relative to the construction of
allegations in pleadings, and especially is this true in the ab-
sence of a motion to make the allegations more specific.  p. 226.

2. MASTER AND SERVANT.—Employers' Liability Act.—Contribu-
tory Negligence.—Jury Question.—Whether the plaintiff, while
assisting in reloading logs on a car, worked so close to the
car that he was in danger of being struck by the rolling logs,
was a question of fact for the jury under §7 of the Employers'
Liability Act, Acts 1911 p. 145, §8020g Burns 1914.  p. 226.

3. TRIAL.—Requests for Peremptory Instruction.—Waiver.—The
error, if any, in denying the motion for a peremptory instruc-
tion made at the close of plaintiff's evidence was waived by the
defendant's subsequent introduction of evidence in its own be-
half.  p. 227.

4. TRIAL.—Instructions.—Defects Supplied.—The objection that
an instruction failed to require proof of the plaintiff's injury
as an element necessary to a recovery is of no avail, where
the omitted element was properly included in other instructions.
p. 227.

5. APPEAL.—Harmless Error.—Failure to Instruct.—Where the
fact of injury was not disputed, an instruction failing to re-
quire proof of the injury could not have harmed the defendant.
p. 227.

6. TRIAL. — Requested Instructions. — Given Instructions. — Re-
quested instructions were properly refused where they were
covered in their substance by the instructions given.  p. 227.

7. TRIAL. — *Instructions.* — *Evidence.* — Requested instructions shown by the record to rest on a false premise as to the facts in issue were properly refused. p. 227.

8. APPEAL.—*Questions of Fact.*—*Evidence.*—Objections to the sufficiency of the evidence to sustain the general verdict and certain answers to interrogatories returned therewith present questions of fact determined by the judgment of the trial court. p. 228.

From the Harrison Circuit Court; *William Ridley,* Judge.

Action by Albert C. Medlock against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Perry McCart, C. C. Hine* and *Wilson & Self,* for appellant.

*Stotsenburg & Weathers,* for appellee.

SPENCER, C. J.—This appeal is based on a judgment for $7,000 recovered by appellee on account of personal injuries which he sustained while in the employ of appellant. The first four assignments of error present substantially the same questions for determination and challenge respectively the several paragraphs of complaint on which the cause was tried. It appears from that pleading that on the day of his injury appellee was at work as a member of one of appellant's section crews; that on said day a carload of logs in one of appellant's trains became disarranged to such an extent as to endanger the operation of the train and was, for that reason, placed on a sidetrack at Orleans to be reloaded; that appellee, with other employes of appellant, was directed to reload and rearrange the logs on said car, and while they were engaged in that work certain wires which held the logs in place were cut and loosened, thus causing the logs to roll off said car and

strike appellee, to his serious injury. The several paragraphs of complaint are each based on the Employers' Liability Act of 1911 (Acts 1911 p. 145, §§8020a *et seq.* Burns 1914), but vary somewhat in their allegations of negligence. For the purpose of determining the questions here presented, however, we need consider only the averments of the first paragraph, in which it is charged that certain of appellee's fellow workmen "carelessly and negligently cut, unfastened and loosened the wires holding the logs on the .car, thereby causing the logs to roll," etc. The objection urged is that this is the statement of a conclusion, unsupported by the averment of facts which establish, negligence. Other allegations of the pleading, however, clearly show that appellee was at work in the course of his employment with appellant and under conditions which required that his fellow laborers should do no act tending to cause his injury. The existence of this duty being shown, it is sufficient if a negligent violation thereof is so charged in general terms, and particularly is this true in the absence of a motion to make more specific. *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 421 96 N. E. 321; §343a Burns 1914, Acts 1913 p. 850. Similar objections are made against the second, third and fourth paragraphs of complaint, but there is no occasion here to consider the same in detail.

Finally, it is urged that the complaint shows appellee to have been guilty of contributory negligence in taking a position so near the car that he was in danger of being struck by the rolling logs. ' It does not appear, however, that the logs were likely to fall from the car except through the operation of the train or the act of some person other than appellee, and, in any event, the question of contributory negligence always involves an issue of fact which is to be determined

by the jury. §8020g Burns 1914, *supra; J. Wooley Coal Co.* v. *Tevault* (1918), *ante* 171, 118 N. E. 921. The demurrer to each paragraph of complaint was properly overruled.

The remaining questions arise out of the action of the circuit court in overruling appellant's motion for a new trial. The first contention is that the court erred in denying appellant's request for a peremptory instruction, which request was made at the close of appellee's evidence, but the error, if any, in this ruling was waived by appellant's subsequent introduction of evidence in its own behalf. *Delphos Hoop Co.* v. *Smith* (1911), 176 Ind. 29, 31, 95 N. E. 309; *Baltimore, etc., R. Co.* v. *Conoyer* (1897), 149 Ind. 524, 527, 48 N. E. 352, 49 N. E. 452.

The objection urged against instruction No. 4, given at the request of appellee, rests on the erroneous assumption that the instruction is mandatory in character and assumes to direct a verdict for appellee on the finding of certain facts. The instruction is not of the type suggested, and its failure to require proof of an injury sustained by appellee, as one of the elements necessary to a recovery, was properly supplied in other instructions given. *Shirley Hill Coal Co.* v. *Moore* (1913), 181 Ind. 513, 517, 103 N. E. 802. In any event, the fact of injury was not disputed, and the omission could not have harmed appellant.

The objections urged against appellee's instructions Nos. 6, 7 and 8 are trivial, supertechnical and wholly without merit. This is also true of the attack on the court's instructions Nos. 4 and 5. Nor are we warranted in extending this opinion through a separate consideration of certain instructions tendered by appellant and refused. Some of these instructions are incorrect in their state-

ment of the law, and the others are either covered in their substance by instructions given, or are shown by the record to rest on a false premise as to the facts in issue. *Baltimore, etc., R. Co.* v. *Harbin* (1902), 160 Ind. 441, 443, 67 N. E. 109. The charge as a whole is full, fair and correct.

The objections made as to the sufficiency of the evidence to sustain the general verdict of the jury, and certain answers to interrogatories which were returned therewith, present questions of fact. Such questions are determined by the judgment below. *New York, etc., R. Co.* v. *Shields* (1916), 185 Ind. 704, 707, 112 N. E. 762; *Portland Foundry, etc., Co.* v. *Gibson* (1915), 184 Ind. 342, 346, 111 N. E. 184.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 118 N. E. 810. See under (1) 26 Cyc 1386; (3) 38 Cyc 1590.