Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GEORGE HASSEN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ELM COAL COMPANY, Employer, and UNITED STATES CASUALTY COMPANY, Insurance Carrier, Appellant.

Third Department, November 13, 1918.

**Workmen's Compensation Law — laborer in coal yard not within statute — award under agreement pursuant to section 20 vacated on motion of insurance carrier — jurisdiction not conferred by consent.**

A laborer employed in a coal yard on November 25, 1916, injured by some coal falling on him while he was unloading it into a wagon from a railroad car standing in the yard of his employer, who was not a teamster nor in any way engaged in the operation of the vehicle, and whose sole work was in loading the wagon, was not entitled to an award under the Workmen's Compensation Law.

An insurance carrier is entitled to have an award made under an agreement between an employer and employee pursuant to section 20 of the Workmen's Compensation Law vacated and set aside, where it appears that the employee was not within the statute, although said agreement had been approved by the Commission and payments made.

No act or acquiescence on the part of any one can confer jurisdiction of the subject-matter of a controversy on a court or body exercising the same.

APPEAL by the defendant, United States Casualty Company, from an order of the State Industrial Commission, dated the 11th day of December, 1917, denying a motion of the insurance carrier to rescind the approval by the Commission of the report and agreement for compensation and to vacate and set aside the awards.

*William H. Hotchkiss,* for the appellant.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

Claimant was a laborer employed in a coal yard. He was injured by some coal falling on him while he was unloading it into a wagon from a railroad car standing in the yard of

the employer. The employer and employee entered into an agreement on December 11, 1916, under section 20 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1915, chap. 167) for the payment of compensation, which agreement was in the form provided by said section and was subsequently approved by the Commission on March 7, 1917. By virtue of the statute (§ 20) such approval became an " award." Payments were made under this award and subsequently the insurance carrier made an application to the Commission to vacate it on the ground that the claim was not within the statute and that the Commission was, therefore, without jurisdiction. This application was denied by the Commission and the insurance carrier appeals to this court.

The accident occurred November 25, 1916. At that time coal yards were not classified among the hazardous employments under section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622)* and the employer was not engaged in conducting any hazardous employment under the act. It is suggested that because the claimant was loading coal into a wagon he was engaged in the operation of the wagon and that hence his claim falls within group 41 of section 2 of the act. It does not clearly appear what caused the coal to fall on the claimant, but there is no suggestion that any movement of the wagon or defect therein occasioned or contributed to the accident. Claimant was not a teamster nor in any way engaged in the operation of the vehicle. His duties confined him to the yard. He describes himself as a laborer and expressly disclaims that he was a driver or that he delivered coal. The case is distinguishable from *Matter of Dale* v. *Saunders Brothers* (218 N. Y. 59), where the claimant was a teamster operating a wagon and the work of loading the wagon was incidental to his duties in the operation thereof. Here the claimant was not engaged in the business of operating a vehicle as in the *Dale* case and his work in loading the wagon was not incidental to such operation but was his principal and in fact his only work at the time of the accident. The case is not dis-

---

* See § 2, group 19, as since amd. by Laws of 1917, chap. 705.— [REP.

tinguishable in this particular from *Roberto* v. *Schmadeke, Inc.* (180 App. Div. 143), where the claimant was injured while loading coal into an automobile truck for delivery to customers. The claim was disallowed in that case although this particular point was not there raised. As well might it be urged that because the claimant was unloading coal from the railroad car into a wagon he was engaged in the operation of a railway, and so within group 1 of section 2.

The Commission was of the opinion that the claimant was not within the act, but thought that by their agreement the parties had placed it beyond their power to question the jurisdiction of the Commission. The insurance carrier, the only appellant herein, was not a party to that agreement. It did not need to be a party if the claim was within the jurisdiction of the Commission. But no act or acquiescence on the part of any one can confer jurisdiction of the subject-matter of a controversy on a court or body exercising the same. This principle is firmly established and if there ever was any doubt about it, such doubt was removed by the recent case of *Matter of Doey* v. *Howland Co.* (224 N. Y. 30). The following extract from the opinion in that case finds special pertinency here: " The fact that the determination of the Commission had been acquiesced in to the extent that certain payments had been made thereunder and an appeal had not been taken therefrom could not prevent either of such parties raising the question at any time they saw fit. This follows from the fact that the determination was a nullity. It bound no one. It was a void determination." It follows that the Commission had no power or authority to approve the agreement or to enforce its execution.

The decision should be reversed, the award vacated, and the claim dismissed.

All concurred.

Decision reversed, award vacated and claim dismissed.