TALGE MAHOGANY COMPANY *v.* BURROWS.

[No. 23,489. Filed April 29, 1921. Rehearing denied October 12, 1921.]

1. TRIAL.—*Request for Peremptory Instructions.—Waiver.*—The error, if any, in denying the motion for a peremptory instruction was waived by defendant's subsequent introduction of further evidence under the issues. p. 172.

2. APPEAL.— *Answers to Interrogatories.— Review.*— Specifications in a motion for a new trial that answers to certain interrogatories were not sustained by sufficient evidence presents no question for review where judgment was rendered on the general verdict. p. 172.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Employer's Failure to Comply with Act.—Election of Remedies.*— An employer who elected to operate under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918), and had duly insured its liabilities in an authorized company, and had filed proof of that fact to the satisfaction of the Industrial Board, suffered its insurance to terminate and cease, and did not file application for permission to carry its own insurance until after a workman had been injured, *held* the employer was liable to an action at law by the employe in the manner provided by §10 of the Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918) which takes away the defenses of contributory negligence, assumed risk, and that the injury was caused by negligence of a fellow workman. p. 172.

4. APPEAL.— *Record.— Bill of Exceptions.— Filing.— Sufficiency of Showing.*—A certificate, reciting that the defendant presented a bill of exceptions which was approved and signed by the court and ordered "to be and is now filed," sufficiently showed that the bill of exception was filed after it was signed. p. 176.

5. MASTER AND SERVANT.— *Workmen's Compensation Act.— Pleadings.—Burden of Proof.*—A general denial in an action at law for damages by an employe, in which the complaint alleged that the employer had not complied with the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.*

Burns' Supp. 1918) in keeping insured as to his liabilities under the act, imposed upon the plaintiff the burden of proof to establish the facts alleged. p. 176.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evidence.—Sufficiency.*—An action at law for injuries to an employe the fact that the Industrial Board had notified the employer that the insurance carrier was insolvent, or that the insurance carrier notified the Industrial Board that the policy would be canceled on a certain date, without any showing that the cancellation was authorized by the terms of the policy, is not sufficient evidence to sustain a verdict that the employer had failed to keep itself insured so as to be liable at law to its employes. p. 178.

7. EVIDENCE.—*Sufficiency.*—Oral evidence offered by defendant in support of facts pleaded as a defense of which he had the burden of proof does not make the evidence insufficient to sustain the verdict for the plaintiff since the jury may not have believed the defendant's witnesses who gave that testimony. p. 179.

8. MASTER AND SERVANT.—*Refusal of Instructions.—Harmless Error.*—In an action at law by an employe for damages for injuries received by alleged negligence of the employer, where the plaintiff claims the employer failed to maintain the compensation insurance required in which event the employer could not assert the defenses of contributory negligence, assumed risk and the "fellow-servant rule," the appellant was not harmed by the court's refusal to instruct the jury that it was a common-law action. p. 179.

9. TRIAL.—*Instructions.— Harmless Error.*— Where defendant was entitled to an instruction setting out the substance of the complaint, a requested instruction which was incomplete, omitting material allegations of the complaint, *held* there was no error in refusing to give it. p. 179.

10. TRIAL.—*Instruction.—Refusal.—Harmless Error.*—Where the court has once fully instructed the jury on a subject, it is not error to refuse other instructions which are in substance the same as those given. p. 180.

11. TRIAL.— *Instruction.— Election of Remedies.— Province of Jury.*—In an action for injuries by an employe where the defense charged an election by plaintiff to pursue his remedy under the Workmen's Compensation Act by receiving payments thereunder, an instruction, that receiving of such money would not constitute an election unless such moneys were intended as compensation and were accepted as such, was erroneous as invading the province of the jury, since a mere mental reservation on his part could not overcome the legal effect of accept-

ance with knowledge that it was paid as compensation due under the law. p. 182.

12. MASTER AND SERVANT.—*Workmen's Compensation Act.—Election of Remedies.—Instructions.—Province of Jury.—* Where the evidence showed that the defendant was operating in good faith under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) and had taken out insurance approved by the Industrial Board for a term not yet expired, the question whether other alleged facts disputed by the defendant's witnesses existed, by reason of which an injured workman had the right to pursue his remedy under the Workmen's Compensation Act or an action at law was for the jury, and it was error to instruct that he had such right. p. 182.

13. MASTER AND SERVANT.—*Workmen's Compensation Act.—Election of Remedies.—Instructions.—*An instruction that a servant's right to choose between his remedy under the Workmen's Compensation Act and his action at law would continue until plaintiff elected to pursue the one or the other of such remedies is not correct as he could lose the right to pursue a remedy by acts inconsistent with its exercise, which are not within what a jury might understand by an election to pursue the remedy. p. 182.

14. MASTER AND SERVANT.—*Workmen's Compensation Act.—Election of Remedies.—Instruction.—*Where the evidence showed that an injured employe received service of a physician and medicine with knowledge that his employer had agreed to pay for them because of his obligation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), it was error for the court to instruct the jury that if the defendant paid the bills without the knowledge, direction or consent of the plaintiff, such payment would not tend to establish the election to accept compensation for the injuries sustained. p. 184.

15. TRIAL.—*Conflicting Evidence.—Instructions.—Province of Jury.—*Questions of facts, upon which the evidence is conflicting must be submitted to the jury and not determined by the court in an instruction. p. 185.

16. MASTER AND SERVANT.—*Workmen's Compensation Act.—Election of Remedies.—Notice to Employer not to Pay Medical Fees.—*Where the evidence showed that an injured employe received services of a physician and medicine with knowledge that his employer had agreed to pay for them because of his obligations under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a notice to the employer not to pay for such services and medicines would not

affect the employer's liability, and, therefore would not defeat the effect of receiving such services as an election to accept compensation. p. 186.

17. MASTER AND SERVANT.—*Workmen's Compensation Act.— Election of Remedies.—Instructions.—*In an action at law by a servant, where the defense asserted, not only that the plaintiff had elected to accept compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), but also that under the facts he was not entitled to such election, defendant was entitled to an instruction informing the jury that, if he failed in that action, it would not defeat his right to receive compensation. p. 186.

18. MASTER AND SERVANT.—*Workmen's Compensation Act.— Fraud.—Refusal of Instruction.—Error.—Ignorance of Law.—* In an action at law for injuries by an employe where there was no fraud of the master alleged and no evidence of fraud in taking advantage of the ignorance of employe of the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), it was error to refuse an instruction that one, who has accepted compensation from the master with full knowledge of all material facts, cannot avoid the consequences annexed by law to such act by alleging and testifying that he was ignorant of the law. p. 188.

19. MASTER AND SERVANT.—*Workmen's Compensation Act.—Instructions.—Burden of Proof.—*In an action at law for injuries to an employe, where the plaintiff claimed facts which gave him an election to proceed at law or under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the defense that he had elected to accept compensation under the Workmen's Compensation Act must be proved by the defendant, a requested instruction that the·burden was upon the plaintiff to establish that he received the moneys as a charity or gifts and not as compensation, was inaccurate. p. 188.

20. TRIAL.—*Argument of Counsel.—Answer to Interrogatories. Breach of Duty.—*In an argument to the jury in a case where special interrogatories are submitted to them, it·is a breach of an attorney's duty to state to the jury what their answer should be to a certain interrogatory, but such argument should be devoted to convincing the jurors that the evidence does or does not prove certain facts. p. 189.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Otto Burrows against the Talge Mahogany Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Wilson S. Doan, James C. Mathews, Ulric Z. Wiley* and *Lilburn H. Van Briggle,* for appellant.

*William G. White, Arthur J. Jones* and *Wm. O. Polkinhorn,* for appellee.

EWBANK, J.—The appellee sued to recover damages for a personal injury alleged to have been caused by the negligence of the appellant while appellee was working in appellant's factory as one of appellant's employes. Demurrers filed by appellant to each of the three paragraphs of complaint on the alleged ground that neither paragraph stated facts sufficient to constitute a cause of action, were overruled and appellant excepted. The appellant then answered by (1) a general denial, and also (2) answered specially that the demand sued on had been compromised and settled, and that appellee had received money paid by appellant pursuant to such agreement of settlement; and (3) that appellant and appellee were operating under the Workmen's Compensation Act at the time of the injury, and that after appellee was injured he elected to take under said law, received money thereunder, and accepted medical services and drugs paid for by appellant under the provisions of the Workmen's Compensation Act, which he did not repay nor tender back. And with the third paragraph of answer appellant paid into court $700 as a tender of the accrued weekly payments admitted to be due under said act. A reply in general denial closed the issues. The case was tried by a jury, which returned a general verdict in favor of appellee for $7,500, together with answers to thirty-one interrogatories. Appellant filed a motion for a new trial specifying as reasons that (a) the verdict is not sustained by sufficient evidence and is contrary to law, that (b) the court refused to instruct the jury at the close of appellee's evidence to return a verdict in favor of appellant, and

(c) refused to give each of twenty-five instructions asked by appellant, and (d) gave each of eight instructions on its own motion, (e) with ten more asked by the appellee, and (f) that each of certain answers to interrogatories was not sustained by sufficient evidence; also (g) that certain evidence was erroneously excluded, and certain other evidence was erroneously admitted. The motion for a new trial was overruled, and appellant excepted and duly perfected a term appeal.

The errors properly assigned are that the trial court erred in overruling the demurrers to each of the three paragraphs of complaint, and erred in overruling the motion for a new trial.

After the court had overruled appellant's motion for a peremptory instruction in its favor appellant proceeded to introduce further evidence under the issues. This constituted a waiver of its exception to the refusal to direct a verdict. *Chicago, etc., R. Co.* v. *Medlock* (1918), 187 Ind. 224, 227, 118 N. E. 810. And the specifications in the motion for a new trial that each of certain answers to interrogatories was not sustained by sufficient evidence present no questions for review, where judgment was rendered on the general verdict. *Sievers* v. *Peters, etc., Co.* (1898), 151 Ind. 642, 656, 50 N. E. 877, 52 N. E. 399; *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 559, 97 N. E. 429; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 594, 110 N. E. 680.

The substance of each of the three paragraphs is the same, so far as they relate to the particulars in which the appellant insists they were each and all insufficient to withstand the demurrer. Each paragraph alleged in substance that on April 24, 1916, the appellant was engaged in operating a factory, wherein it employed more than five persons, and employed appellee in its factory as one of its workmen;

that by reason of certain alleged carelessness on the part of appellant and its workmen in operating and maintaining a certain machine in said factory, appellee was struck on the head and injured under circumstances that would make appellant liable in damages, except so far as the Workmen's Compensation Act may take away the right to maintain an action at law for the injury; that "appellant had wholly refused and neglected to comply with" said act, in that it "wholly failed and neglected to keep its liability under said compensation act insured * * * that a policy of insurance issued to appellant covering its liability under said act had been canceled on or about the 15th day of March, 1916, and that at the time appellee was injured, appellant was not insured in any manner provided by law, nor had appellant furnished to the Industrial Board, created by said act, any proof of its ability to pay direct the compensation in the amount and manner and when due as provided for in said act, all of which appellant refused and neglected to do prior to or at the time appellee was injured as aforesaid." It was also alleged that two weeks after he was injured appellant's foreman gave appellee $10 and told him it was a gift, and that two weeks later appellee's wife, without his knowledge or consent, received from appellant $12.29 which both she and appellee believed to be a gift, none of which money was received or accepted by appellee with knowledge that it was paid as compensation or under the Workmen's Compensation Act; that thereafter, about November 1, 1916, appellee learned that appellant was claiming that said sums were paid and received as compensation under said act, and thereupon, as soon as he could get the money together, he tendered back to appellant said amount of $22.29, with interest, and pays it into court, etc.

Appellant insists that the alleged failure to keep prop-

erly insured did not subject it to an action at law for damages for the alleged injury. The question presented by appellant's objections to each paragraph of the complaint may be stated as follows: If an employer who had elected to operate under the Workmen's Compensation Act, and had duly insured its liability in a company, authorized to transact the business of workmen's compensation insurance in this state, and had filed proof of that fact to the satisfaction of the Industrial Board, suffered its insurance to terminate and cease, but did not, for a period of several weeks thereafter, file an application for permission to carry its own insurance, and continued to operate its factory without insurance, and during such time a workman was injured, would such employe have an election to sue by an action at law to recover damages for his injury, instead of seeking compensation under the Workmen's Compensation Act? Sections 5, 6, 68 and 69 (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918) at the time when appellee's alleged cause of action matured, provided as follows:

"Sec. 5. Every employer who accepts the compensation provisions of this act shall insure the payment of compensation to his employes in the manner hereinafter provided, and while such insurance remains in force he or those conducting his business shall only be liable to any employe for personal injury or death by accident to the extent and in the manner herein specified." §8020p Burns' Supp. 1918, *supra.*

"Sec. 6. The rights and remedies herein granted to an employe subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employe, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury or death." §8020pp Burns' Supp. 1918, *supra.*

"Sec. 68. Every employer under this act shall either insure or keep insured his liability hereunder in some corporation, association or organization authorized to transact the business of workmen's compensation insurance in this state, or shall furnish to the Industrial Board satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided for in this act * * *." §8020z2 Burns' Supp. 1918, *supra.*

"Sec. 69. Every employer accepting the compensation provisions of this act shall within thirty days after this act takes effect file with the board in form prescribed by it, and thereafter annually or as often as may be necessary, evidence of his compliance with the provisions of section 68 and all others relating thereto. If such employer refuses or neglects to comply with these provisions he shall be punished by a fine * * * for each day of such refusal or neglect and until the same ceases, and he shall be liable during continuance of such refusal or neglect to an employe either for compensation under this act or at law in the same manner as provided for in section 10." §8020a3 Burns' Supp. 1918, *supra.*

Section 10, *supra* (§8020t Burns' Supp. 1918), took away from "every employer who elects not to operate under this act," the defenses of contributory negligence, assumed risks, and that the injury was caused by negligence of a fellow servant. We think that under these provisions of the statute the question as above set out must be answered in the affirmative, and that neither paragraph of the complaint is open to the objections urged against them. No error was committed in overruling the demurrers to the several paragraphs of the complaint.

The record recites that on June 6, 1918, the defendant "presents to the court its bill of exceptions containing

the evidence in this cause, which bill of exceptions is examined, approved and signed by the court   *   *   *   and orders same to be and it is now filed herein and reads as follows, to wit." And the certificate states that it was tendered and signed on June 6, 1918. This sufficiently showed that the bill of exceptions was filed after it was signed. Ewbank's Manual (2d ed.) §32.

The answer of general denial imposed upon appellee the burden of proof to establish the truth of all the material averments of his complaint, including the alleged facts relied on as showing that appellant had not complied with the Workmen's Compensation Act, *supra,* in the matter of keeping insured as to his liability under that act, and therefore that appellant had the right to sue at law for his injuries. The evidence on that subject most favorable to appellee was as follows: On September 10, 1913, the appellant made proof to the Industrial Board of Indiana that it was insured by policy No. 3002703, in the form approved by said board and containing the stipulations required by §5 of the Workmen's Compensation Act, *supra,* issued by the Union Casualty Insurance Company of Philadelphia, Pennsylvania, which policy was dated August 31, 1915, and covered appellant's "liability to make such payment (of compensation) for injuries occurring between August 31, 1915, and August 31, 1916." That appellant "did carry insurance" under said policy and other later policies issued on January 25, 1917, and thereafter. But that "there was a period when the Talge Mahogany Company was not insured;" that after the policy taken out for the period from August 31, 1915, to August 31, 1916, the next policy was for the period from January 25, 1917, to January 25, 1918; that, on May 10, 1916, the appellant filed a petition for leave to carry its own insurance, and permission was granted to it by the In-

dustrial Board on May 11, 1916; that, on February 29, 1916, the Industrial Board wrote to appellant a letter in which it stated that:

> "The Union Casualty Insurance Company has had no authority to subscribe business of Workmen's Compensation Insurance in the State of Indiana since December 31st, 1915. A recent examination of this company shows it to be in such a financial condition that the Industrial Board deems it to be its duty to notify you that a policy in this company does not secure your compensation as required by sections 5 and 68 of the Indiana Workmen's Compensation Act. You are therefore directed by the Board to reinsure your compensation liability without delay in a company of recognized financial ability * * * or make proof of your ability to pay compensation direct without insurance."

This letter also admonished appellant that the insurance carried did not relieve it from liability, but that the employer would still be liable for the payments required by the compensation act, if the company in which it was insured should fail, and that "insurance is merely the means of indemnifying itself against this liability."

There was also testimony that "in the early part of March, 1916," the president of appellant company came to the office of the Industrial Board and obtained a paper, the contents of which were not shown, relating to its insurance and whether the board would issue a certificate for them to carry their own insurance, and that on March 7, 1916, the Industrial Board received notice that the policy issued by the Union Casualty Company to appellant, on August 31, 1915, for the term of one year, was canceled, because, the witness stated, the company was insolvent and went into the hands of a receiver, the date of appointment of the receiver not being suggested. But the policy was not read in evidence; there was no proof that by its terms the policy

reserved to the casualty company any right of cancellation, nor that such reserved right, if any, was exercised in the manner and for a cause stipulated in the policy, nor that the appellant had any notice or knowledge, from anybody or from any source, of such cancellation, nor any information as to the condition of the Union Casualty Company except the letter from the Industrial Board on February 29, 1916. An officer of the Industrial Board stated that he had "a copy of a letter here which the Union Casualty Insurance Company sent the Talge Mahogany Company, in which they advised that the policy they were then carrying—No. 3002703—was canceled as of March 10, 1916," and that said copy bore the date of February 26, 1916. But such copy was not read in evidence and there was no evidence that the original was received by appellant nor that appellant knew of its existence before appellee was injured.

The question is presented whether an employer who, on August 31, 1915, procured a policy of indemnity insuring its compensation liability for injuries to 6. employes until August 31, 1916, which was approved by the Industrial Board on September 10, 1915, could be made to revert to the condition of an employer who had "refused and neglected" to "insure and keep insured his liability" under the Workmen's Compensation Act, *supra*, by the actual insolvency of the insurance company, and notice given by the Industrial Board to the employer of that fact, or by a notice sent by the insurance company to the Industrial Board that the policy would be canceled on a certain date, where nothing is shown as to a reserved power of cancellation contained in the policy, nor as to the steps taken as against the insured to effect such cancellation? We think that this question must be answered in the negative, and that for lack of proof that appellant's policy was lawfully canceled before the end of the term

for which it was issued, by proper action taken by the insurance company under a reserved power, upon notice to appellant or by action to which appellant was a party, the evidence is insufficient to sustain the verdict.

There was some suggestion in argument that the Industrial Board terminated appellant's insurance by an order of cancellation. But under the statute in 7. force in 1916, the Industrial Board was not given any such power. Moreover, the letter from the board was written in February, and amounted to nothing more than a friendly warning to reinsure for the employer's own protection. It is not necessary to consider and we do not decide whether or not the evidence is also insufficient in failing to prove other elements of the alleged cause of action. But the evidence cannot be held insufficient to sustain a verdict for the plaintiff by reason of affirmative oral testimony of facts pleaded as a defense of which the appellant had the burden of proof. The jury may have found that such defense was not established because they did not believe appellant's witnesses who gave that testimony.

As was stated above, this was an action at law to recover damage for the alleged negligence of the employer. But, since the appellee, if he had any 8. right to maintain the action at all, was immune to the common-law defenses of contributory negligence, assumed risks, and the "fellow-servant rule" (Acts 1915 p. 392, §10, *supra*), we cannot hold that the appellant was harmed by the court's refusal to instruct that it was "a common-law action."

Appellant would undoubtedly have the right to an instruction setting out the substance of the complaint, instead of a mere statement that it was in three 9. paragraphs. But appellant's instruction No. 2 requested by it was so incomplete, omitting, among other things, all mention of the allegation in the

complaint that appellant was without insurance at the time of the injury, which we have seen the appellee failed to prove, that there was no available error in refusing to give it. And appellant's instruction No. 3 contained some inaccuracies in the recital of appellant's amended third paragraph of answer which should be corrected before it is again requested. Appellee urges that the issues were sufficiently set out in certain instructions which were given by the court that are not set out in appellant's brief. But as appellee's brief does not contain such instructions, nor their substance, we have not considered their alleged sufficiency for that purpose.

It is enough to say that, where the court has once fully instructed the jury on a subject, it is not error to refuse other instructions which are in substance the same as those given. There was evidence that, about ten days after appellee was injured, appellant's vice-president, who was also its secretary, visited the appellee and explained to him the provisions of the Workmen's Compensation Act, *supra*, and told him that according to that law, during the first two weeks, he would receive no compensation (Acts 1915 p. 392, §28, *supra*), but that after that time he would be entitled to and appellant would have to pay him fifty-five per cent. of his average weekly wages (§31) ; and that said secretary would advance him $10 to tide him over until he did get the compensation; that appellee received the $10, and that on May 29, 1916—three weeks later—appellee's wife asked for and received appellant's check payable to appellee, which was for $12.29, being the amount of three weeks compensation at fifty-five per cent. of his average wages, less $10 paid; that the amount was figured up in the presence and hearing of appellee's wife; that this check recited on its face that it was "Bal. compensation for period

from 5/12-6/2/16 inclusive," that it was indorsed "Received the amount stated in this voucher check in full payment of the within amount, Otto Burrows, Payee," and was negotiated and paid, and appellee received the proceeds, and that his name as written in said indorsement was—several expert witnesses testified—appellee's genuine signature, written by himself; that another witness also explained the Workmen's Compensation Law to appellee before these sums of money were accepted; that on June 9, 1916, appellee's attorneys wrote to appellant that on June 13, 1916, they would file suit, and that appellee was told in September, 1916, that appellant claimed to have paid him this money as compensation, and that a prior suit was brought by appellee against appellant; but that it was not until December 29, 1916, that appellee tendered back the money so received. There was also the evidence as recited above that appellant had elected to operate under the Workmen's Compensation Act, and had obtained insurance for the term of one year from August 31, 1915, which was approved by the Industrial Board. Of course there was also much evidence to the contrary on all of these matters.

As applicable to the evidence, including the foregoing, the court gave appellee's instructions numbered 3 and 5, as follows:

"3. If you find from the evidence in this case that the plaintiff received money from the defendant, either in cash or by check, or both, such receiving of money would not of itself constitute an election to accept compensation for his injuries under the Compensation Law of Indiana, unless such sums were intended as compensation and were accepted by him as such.

"5. Under the undisputed evidence in this case, the plaintiff, at the time he was injured, if he was injured as charged in plaintiff's complaint, had a right to pur-

sue either of the following remedies, to wit:   He could accept compensation under the Compensation Laws of Indiana, or bring his action at law for damages, at his election, and the plaintiff's right to pursue either of said remedies would continue until plaintiff elected to pursue the one or the other of said remedies."

These instructions invaded the province of the jury. The evidence of accepting a check, such as appellant's witnesses testified this one was, after such conversations about the compensation law as appellant's witnesses testified they had with appellee, and cashing it, and keeping the money from May until December, would surely support an inference of an election to "accept compensation," notwithstanding appellant's testimony that the payments were not "accepted by him as such" might also be given credit.   A mere mental reservation on his part could not overcome the legal effect of his acts if he accepted the payments under such circumstances, with knowledge that they were paid to him solely as compensation due under the law.

In view of all the evidence tending to show that appellant in good faith was operating under the Workmen's Compensation Act, supra, and had taken out insurance approved by the Industrial Board for a term not yet expired, the question whether the appellee, because of other alleged facts disputed by appellant's witnesses, "had a right to pursue either of the remedies," should have been left to the jury upon instructions as to what facts would give him that right.   The instructions that the right to choose between remedies "would continue until plaintiff elected to pursue the one or the other of said remedies" is not happily expressed, as a person could lose the right to pursue a remedy by acts inconsistent with its exercise which are not within what a jury might understand

by the expression that he "elected to pursue  \*  \*  \*
the other of said remedies."

The only vice of appellee's instructions numbered 6,
7 and 8 which we perceive is that they assumed ap-
pellee to have been injured under circumstances bring-
ing the case within the Workmen's Compensation Act,
and assumed that appellee was entitled to recover be-
cause of appellant's failure to comply with that law.
It would seem that the first of these propositions was
not in dispute, though the second was. But if appellee
really had the right to sue at law, by reason of the facts
alleged, then the defenses of contributory negligence,
assumed risk, and negligence of a fellow servant would
not be available to defeat his action, and under those
circumstances these three instructions would be correct.
Acts 1915, p. 392, §10, *supra.*

There was testimony that Dr. Frank Tinsley was
called by telephone by the appellant company and was
directed to wait upon appellee; that afterward appel-
lee's wife arranged over the telephone and appellee came
to Dr. Tinsley's office and said he was injured at the
Talge Mahogany Company's place and had been in-
structed by the Talge Mahogany Company to come to
the doctor for treatment; that the doctor made an exam-
ination of him, prescribed for him and afterward
treated him professionally for several weeks; that the
doctor explained to him the provisions of the compensa-
tion act. "Q. Did you (the doctor) say anything to
Mr. Burrows (appellee) about the company paying you
for your services? A. I told him that was the reason
he was sent to me, because I did and had done surgery
work for most of the factories in that end of the city."
That upon the doctor's suggestion, and with appellee's
consent, a specialist was called to see him and an X-ray
was taken of his head; that Dr. H. R. McKinstry treated
appellee at the request of the appellant; that, after ap-

pellee had been down to see Dr. Tinsley, he came into the drug store of Homer D. Bassett, with a prescription, and said he had no money, and Mr. Bassett testified, "We called up the Talge Mahogany Company and they stated over the telephone for me (the druggist) to go ahead and give him what he needed and charge it to them." This was in the presence of appellee. Afterward he and other members of his family got prescriptions filled which the druggist charged to appellant; that appellee never paid any of these doctors or the druggist, but appellant paid all of them, and that appellee never repaid nor offered to repay appellant the money so expended. As applied to the evidence, including what has just been recited, the court gave the jury appellee's instruction No. 9, as follows:

"9. There is evidence in this cause tending to establish that defendant paid certain physicians for services rendered plaintiff and paid for drugs furnished to plaintiff. You are instructed that the payment of said items by defendant, if same were paid, without the knowledge, direction or consent of plaintiff, would not be binding upon plaintiff, and such payment, under such conditions, would not establish, or tend to establish the fact that plaintiff had elected to accept compensation for injuries he may have sustained, under the Indiana Workmen's Compensation Act; nor would the plaintiff be required to repay or offer to repay said sums to defendant or tender same into court, as a condition to the maintaining of this action, if same were paid by defendant, and under the circumstances and conditions mentioned in this instruction."

As applied to the evidence above recited, this amounted to an instruction that, even though the appellee asked of the appellant, as his employer, that it incur a

14. liability for said bills for doctors and medicines, pursuant to the duty imposed on employers by

the Workmen's Compensation Act (Acts 1915 p. 392, §25, *supra*) as explained to him by Dr. Tinsley, and that at his request the appellant did engage to pay all of these bills, before they were incurred, yet if appellant thereafter paid such obligations "without the knowledge, direction or consent" of the appellee, all that appellee had done to get appellant bound for their payment must be disregarded and the facts would not tend to establish that appellee had elected to accept compensation under the statute, nor would appellee be required to repay any of the amounts so paid out, as a condition of repudiating the binding force of his first election to proceed under the Workmen's Compensation Act, *supra*. This was erroneous.

It is true that there was also evidence directly to the contrary, disputing this evidence as to all points favorable to appellant, and denying that appellee knew that any liability for medical treatment or medicines was incurred by appellant on his behalf, or knew that they had been ordered by appellant when he accepted the treatment by the physicians and when he obtained the medicines at the drug store. And it may be, as counsel assert, that the jury did not believe appellant's witnesses. But appellant was entitled to have questions of fact, upon which the evidence was conflicting, submitted to the jury for decision and not determined by counsel and the court, as declared by an instruction. The instruction No. 9 invaded the province of the jury. If appellee applied for and received medical treatment with knowledge that his employer had engaged the physicians because of the requirements of the Workmen's Compensation Act, and procured prescriptions given him by such physicians to be filled on his employer's credit with knowledge that the druggist had first called up his employer and obtained its promise to pay for them, as these witnesses testified,

that- would be evidence from which the jury could find an election to proceed under the compensation law, with the same effect as if he had accepted weekly payments, and to be repudiated in the same way upon discovery of facts justifying such repudiation.

Appellee's instruction No. 10, given by the court, was also erroneous for the same reason. If the appellee had procured appellant to bind itself for the payment of bills for medical attention and drugs, pursuant to the compensation law, as was testified by appellant's witnesses, any notice which he thereafter gave of an election not to accept compensation for his injuries would not release appellant from a prior promise to pay the physicians and druggist, if it had made such a promise, nor would the notice before they were actually paid affect appellee's liability to repay appellant for what it was compelled to pay in the discharge of obligations which it had incurred on behalf of appellant, at his solicitation, if any there were.

Appellant's requested instruction No. 10 was to the effect that an election to pursue one of two available remedies was binding and took away the right afterward to pursue the other remedy; but that, if appellee had made such a binding election to accept compensation under the Workmen's Compensation Law, a subsequent unsuccessful attempt to recover in an action at law would not defeat his right to receive the compensation which he had so elected to take. The form of this instruction could be improved, but it states a rule of law of which the jury should have been advised, to guard against the possible effect of a mistaken notion which the jury might otherwise have that if they found for the defendant the injured workman would receive nothing at all.

Instructions numbered 19 and 20, requested by the appellant, stated the law as applied to the issues and

evidence in this case. They might require modification if there were an issue of fraud or if there were evidence showing that appellee did the acts enumerated in ignorance of some material fact, and that upon learning of such fact he took the necessary steps to revoke the election of remedies made in ignorance of it. We do not find it necessary to consider and do not decide whether the answers to interrogatories show the refusal of these instructions to have been harmless, since the judgment must be reversed for other reasons.

The appellee was permitted to testify that he did not know the provisions of the Workmen's Compensation Act at the time he received $10 from Mr. Strassler, and at the time his wife received the check for $12.29 which he said he did not indorse, and that he thought these were mere gifts. As applied to this evidence the appellant requested the court to give instruction No. 28, as follows:

"28. I instruct you that ignorance of the law on the part of any litigant is no excuse when it comes to a determination of his rights with an adversary in the courts. The presumption prevails that every man knows the law, and it follows from the fact that he must be bound by the law. Some evidence has been introduced in the trial of this cause on behalf of the plaintiff, tending to establish the fact that the plaintiff was ignorant of his rights under the Compensation Act of the State of Indiana, and that he did not know there was such a law. I further instruct you that you have no right to consider this fact in determining whether or not the plaintiff elected to take compensation under the Compensation Law, nor should you consider such fact for any purpose whatever in determining the respective rights of the plaintiff and the defendant in this action."

As applied to this case, in which no issue of fraud is presented by the pleadings, and there is no evidence of

fraud on the part of appellant in taking advantage of appellee's ignorance of the law to deceive or mislead him, this instruction was correct and should have been given. It is not the law that a person who has done an act with full knowledge of all material facts can avoid the consequences annexed by law to such act by alleging and testifying that when he did it he was not advised that the law gave him a choice between that course and a different one, and that he afterward learned what the law was and chose the different course.

If appellee did acts which in law amounted to an election to take under the Workmen's Compensation Act, and at the same time preserved the right to repudiate such election and sue at law, it must have been because he was ignorant of a fact or facts material to his rights; not because he had failed to be fully advised as to the law.

Some parts of instruction No. 30, requested by the appellant, were correct as far as they went, but the statement therein that "the burden rests upon the plaintiff to establish by a fair preponderance of the evidence that said sums of money were paid to and received by the plaintiff as a charity or gifts, and not as compensation under the Workmen's Compensation Law," was inaccurate. Appellant had the burden, under its answer, to establish that appellee had elected to accept compensation. This it might do by showing that money was paid to and received by appellee under circumstances raising an inference that it was paid and received as compensation. But evidence sufficient to rebut this presumption and overcome such proof would prevent appellant from sustaining the burden resting upon it, and the burden of proof as to this matter did not shift.

Without taking up in detail the other instructions, given and refused of which complaint is made, we think the law which should govern the court in giving instruc-

tions upon a retrial of the case has been sufficiently declared.

Complaint is made of the exclusion of certain evidence on cross-examination of a witness. Appellee does not dispute that the evidence was competent, but insists that it was not proper cross-examination concerning anything that had been testified by the witness at the time the questions were asked, and that the questions were not repeated after the witness had been examined on that subject. We do not feel justified in extending this opinion by setting out the facts necessary to a decision of the questions thus presented, as they will probably not arise upon another trial.

The act of counsel for the appellee, while arguing the case, in reading to the jury an interrogatory and saying that "your answer to that question should be, "No," was a breach of his duty as an attorney. The argument should be devoted to convincing the jurors that the evidence before them does or does not prove certain facts, and not to instructing them arbitrarily that they should give a certain answer to an interrogatory. But it appears that counsel thereupon did discuss the evidence relating to such interrogatory and, in view of the large discretion exercised by the trial court over the argument of a case, the question whether the ruling of the court upon appellant's several motions with relation to such misconduct was cause for reversing the judgment will depend upon a consideration of facts which we do not deem it necessary to set out in this opinion, already too long. Therefore we do not decide whether or not such rulings constituted reversible error.

The judgment is reversed with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Townsend, J., absent.