(No. 5740. May 5, 1932.)

SERIPTA KINDALL, Respondent, v. W. S. McBIRNEY, McBIRNEY & STEWART, Doing Business Under the Firm Name and Style of McBIRNEY FRUIT COMPANY, and MARYLAND CASUALTY COMPANY, Appellants.

[11 Pac. (2d) 370.]

James F. Ailshie, Jr., and J. R. Smead, for Appellants.

Clarence T. Ward, for Respondent.

VARIAN, J.—Respondent, a married woman aged 61 years, on October 14, 1929, while picking apples in an orchard belonging to appellant W. S. McBirney, fell from a ladder, sustaining injuries to her spine and right arm. She applied to the Industrial Accident Board for compensation, which was denied and the proceedings dismissed. On appeal the district court adopted the findings of the board but concluded therefrom that respondent was entitled to compensation in the sum of $1,486.19, and entered judgment against the employer and his surety, both of whom appeal.

A single question is presented for determination. At the time of respondent's injuries was the orchard of W. S. McBirney being operated under our Workmen's Compensation Act?

Mr. McBirney operated several ranches and, in conjunction with other persons, operated a fruit packing plant under the name of McBirney Fruit Company. The crop of each member was packed by the McBirney Fruit Company, being delivered at the plant by the owner thereof. The Fruit Company did not buy the crops, or have any interest therein, but functioned simply to facilitate the packing of the fruit harvested by the owners thereof. On August 28, 1918, McBirney Fruit Company caused a bond, under the Workmen's Compensation Act, to be executed by Maryland Casualty Company, as surety, to cover liability under the act to employees of the Fruit Company. This bond was renewed each year by riders attached thereto, executed by the general agent for Maryland Casualty Company, at Boise, and on the twenty-eighth day of August, 1929, it was so renewed until August 28, 1930, the bond remaining on file with the Industrial Accident Board.

About the time of the last renewal Mr. McBirney entered into negotiations with the Maryland Casualty Company to extend the operation of this bond to cover liabilities under the Workmen's Compensation Act arising from the operation of the McBirney orchard in question here. The general agent for the Casualty Company then prepared an election, required by C. S., sec. 6216, as amended Sess. Laws 1921, chap. 220, p. 491, Sess. Laws 1927, chap. 106, p. 137, Sess. Laws 1929, chap. 88, p. 142, then in force (since amended Sess. Laws 1931, chap. 222, p. 435), to be filed with the Industrial Accident Board in order to bring exempted employments within the operation of the Workmen's Compensation Act. The election is dated September 1, 1929, signed by Mr. McBirney, and was filed with the Industrial Accident Board on October 28, 1929. The evidence is uncertain and unsatisfactory as to when the election was signed; whether before or after the accident on October 14, 1929. The board

found that it was signed September 15, 1929, but there is hardly sufficient evidence to sustain this finding. It is clear, however, that the general agent of the Maryland Casualty Company mailed the signed election to the Industrial Accident Board on October 26, 1929, and that it was received and filed by the board on October 28, 1929.

After the accident Mr. McBirney's ranch foreman telephoned a physician at Boise and requested him to attend to respondent, stating: "She is covered by insurance so you don't need to worry about your bill." The same doctor testified that he was told, by a person in the office of the general agent of the Maryland Casualty Company in Boise, that respondent was covered by Maryland Casualty Company insurance and to go ahead. An operation on the wrist was necessary; also, her body was placed in a plaster cast for some time. The hospital bill and doctors' fees were subsequently paid by the Maryland Casualty Company.

Respondent contends that since the board found the election to come under the Workmen's Compensation Act was signed by Mr. McBirney on September 15, 1929, and was delivered by him to the agent of the Maryland Casualty Company to file, that was a substantial compliance with the statute and constituted an election thereunder in view of the previous arrangement to have the bond filed for McBirney Fruit Company also cover the McBirney orchard operations. The renewal of the bond for a year from August 28, 1929, the statements of the ranch foreman to the physician, and the statement made to him at the Maryland Casualty Company agent's office, together with the fact that the hospital bill and physicians' fees were paid by the Casualty Company, it is contended are sufficient to estop both the Casualty Company and Mr. McBirney from claiming that respondent's employment was not covered by the Workmen's Compensation Act.

It is conceded that respondent was injured while employed in an agricultural pursuit. C. S., sec. 6216, as amended Sess. Laws 1921, chap. 220, p. 491, Sess. Laws 1927, chap. 106, p. 137, Sess. Laws 1929, chap. 88, p. 142, then

in force (since amended Sess. Laws 1931, chap. 222, p. 435), provided that none of the provisions of the chapter of our code relating to Workmen's Compensation should apply to "agricultural pursuits" (and certain other enumerated classes of employment) " . . . . Unless prior to the accident for which the claim is made, the employer had elected in writing filed with the board, that the provisions of the chapter shall apply." The language of the statute is clear, and unmistakably requires that before the provisions of the Workmen's Compensation Act shall apply to agricultural pursuits the employer's election in writing, to have it so apply must be filed with the board. These requirements are mandatory and there could be no "election" until the writing was filed. Consequently, at the time respondent was injured while working in the McBirney orchard, her employment was not covered by the provisions of the Workmen's Compensation Act. The Industrial Accident Board, and therefore the district court on appeal, were without jurisdiction to award compensation to respondent. Jurisdiction cannot be acquired by the Industrial Accident Board by estoppel. (*Southern Surety Co. v. Inabnit,* 119 Tex. 67, 24 S. W. (2d) 375; *Employers' Liability Assur. Corp. v. Industrial Acc. Com.,* 187 Cal. 615, 203 Pac. 95, 97; *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Acc. Com.,* 191 Cal. 770, 218 Pac. 563.) Nor can such jurisdiction be acquired by agreement, waiver or conduct. (*Jester v. Thompson,* 90 Conn. 236, 121 Atl. 470; *Waldum v. Lake Superior Terminal & Transfer Ry. Co.,* 169 Wis. 137, 170 N. W. 729; *Doey v. Clarence P. Howland Co.,* 224 N. Y. 30, 120 N. E. 53; *Hassen v. Elm Coal Co.,* 184 App. Div. 715, 172 N. Y. Supp. 430; *New Amsterdam Casualty Co. v. Industrial Acc. Com.,* 66 Cal. App. 86, 225 Pac. 459.)

The principal case relied upon by respondent to sustain his theory of estoppel, *Ramey v. Broady,* 209 Ky. 279, 272 S. W. 740, was decided under a statute reading, in part, as follows:

"Every employer accepting the provisions of this act shall at the time of such acceptance file with the board in sub-

stantially the form prescribed by it, and annually thereafter, or as often as may be necessary, evidence of his compliance with the provisions of this section and all others relating thereto. Until these provisions are complied with the employer shall, from the date of his acceptance of the act, be liable to an employee either for compensation under this act or at law in the same manner as if the employer had refused to accept the provisions of this act. Claim of compensation in such cases shall be deemed a waiver of the right to proceed at law and the institution of an action at law shall be deemed a waiver of all claim to compensation." (Carroll's Kentucky Statutes, 1922, sec. 4946.)

The Kentucky statute makes the acceptance a separate act, not dependent upon filing. After acceptance, and before filing as above prescribed, the employee may elect whether to proceed under the Workmen's Compensation Act or to sue at law. In that case the employer and employee signed an agreement to operate under the Workmen's Compensation Act on October 11th; the employee was killed on October 14th. The surety company, on September 29th, had received application for liability insurance and its state agent issued a certificate to the employer to the effect that it had issued its policy insuring the liability of the employer to pay compensation to his employees for injuries occurring between September 29, 1920, and September 29, 1921. The formal policy had not been issued, nor had the executed forms, turned over by the employer to the surety company for filing, been filed at the time of the accident. The deceased employee's personal representative, therefore, had the right to elect whether to proceed under the Workmen's Compensation Act or at law. The surety, having certified that the employer was insured, and having failed to file the necessary forms placed in his hands for filing with the board, was estopped to deny liability under its policy, though it was not delivered at the time of the accident. *Junior Oil Co. v. Byrd,* 204 Ky. 375, 264 S. W. 846, is governed by the same statute and is not in point.

In *Allen v. American Milling Co.*, 209 Ill. App. 73, the liability of the employer was not questioned, but the acceptance of the employee of the provisions of the Workmen's Compensation Act was in issue. The statute (J. & A., Ill. Stats. Ann., sec. 5451) provided:

"No common law or statutory right to recover damages for injury or death sustained by an employe while engaged in the line of his duty as such employe other than the compensation herein provided shall be available to any employe who has accepted the provisions of this Act, etc."

The statute did not require the employee's acceptance to be filed. By accepting compensation under the Workmen's Compensation Act, the court held an injured workman was estopped to maintain an action at law for damages for the same injury. The other Illinois case cited by respondent, *Simpson Construction Co. v. Industrial Board of Illinois,* 275 Ill. 366, 114 N. E. 138, is not in point. It involved the right to have compensation fixed by the board after the employee had accepted voluntary payments by the employer, held to constitute an agreement for compensation.

In the Indiana case, *Talge Mahogany Co. v. Burrows,* 191 Ind. 167, 130 N. E. 865, cited by respondent, the employer had failed to keep his compensation insurance, under the Workmen's Compensation Act, in force, and the policy was canceled. The employer continued to operate his plant and a workman was injured before he had taken out other insurance or filed application for permission to carry his own insurance. The statute provided that where the employer refuses or neglects to have and keep his liability under the act insured he should be punished by a fine and should be liable to an employee during such refusal or neglect "either for compensation under this act or at law, etc." The statute in Indiana clearly distinguishes that case from the one at bar.

It will be noted that in all of the cases cited by respondent from Kentucky, Indiana and Illinois, the board had jurisdiction of the subject matter under the statutes, and that in each case claimant had an election whether to proceed at

law or under the provisions of the Workmen's Compensation Act.

The judgment of the district court is reversed. Costs to appellants.

Lee, C. J., and Givens and Leeper, JJ., concur; Budge, J., dissents.