## TALGE MAHOGANY COMPANY *v.* BURROWS.

[No. 11,747. Filed May 1, 1924. Rehearing denied October 17, 1924. Transfer denied December 12, 1924.]

1. MASTER AND SERVANT.—*Evidence held sufficient to show employer's cancellation of compensation insurance required by the Workmen's Compensation Act.*—In a common-law action against employer for injuries to employee, evidence *held* sufficient to sustain jury's finding that the defendant had accepted cancellation of compensation insurance policy before the injury notwithstanding insurer's failure to repay unearned premium, and that it did not, at the time of the injury, carry insurance in compliance with the Workmen's Compensation Act (Acts 1915 p. 392, §68, §8020z2 Burns' Supp. 1921). p. 256.

2. INSURANCE.—*Cancellation of policy may be upheld notwithstanding unearned premium has not been returned.*—Ordinarily, an insurance company cannot cancel a policy without refunding or tendering the unearned premium, but where the amount of such premium cannot be ascertained with certainty until the cancellation becomes effective, as in case of workmen's compensation insurance where the amount of the earned premium depends on the amount of wages paid to employees, a delay by the insured to comply with insurer's request to furnish it the amount thereof until after the date fixed for the cancellation to become effective would justify a jury in concluding that the insured had extended credit to the insurance company. p. 257.

3. INSURANCE.—*Consideration not necessary to agreement for cancellation of policy where agreement has become executed.*—An insured may voluntarily and without consideration agree to a cancellation of the contract of insurance, and where such agreement has become executed, it is as binding as if based on a valuable money consideration. p. 257.

4. TRIAL.—*Refusal to give requested instructions not error when already covered.*—The refusal to give requested instructions is not error when they are covered by instructions given. p. 258.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by Otto Burrows against the Talge Mahogany Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Willis ·Parr* and *Doan & Mathews,* for appellant.

*White & Jones, William O. Polkenhorn* and *Roy W. Adney,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages for a personal injury alleged to have been caused by the negligence of appellant while appellee was working in appellant's factory as one of appellant's employees. The charge is that appellant had failed to comply with the Workmen's Compensation Act (Acts 1915· p. 392, §80201 *et seq.* Burns' Supp. 1921), in that a policy of insurance issued to appellant covering its liability under said act had been canceled March 17, 1916; that appellant thereafter, and at the time when appellee was injured, had failed and neglected to keep its liability under said act insured and had not furnished the Industrial Board proof of its ability to pay compensation as required by law and that appellant did not comply with the law in that respect until May 11, 1916. This is the second appeal in this case. See same title 191 Ind. 167, for a full statement of the pleadings and of the facts as disclosed by the evidence on the former trial.

The contentions on this appeal are that the verdict is not sustained by sufficient evidence, that the court erred in giving instructions Nos. 6 and 8 and in refusing to give instructions Nos. 16 and 24 requested by appellant.

The evidence on this, as well as on the former appeal, shows that appellant made proof to the Industrial Board that it was insured by a policy in form approved by said board, issued by the Union Casualty Insurance Company, of Philadelphia, Pennsylvania, said policy being dated August 31, 1915, and covering appellant's liability to make payment of compensation for injuries occurring between the date of the policy and August 31, 1916; that on February 29, 1916, the Industrial Board wrote appellant a letter calling its attention to the fact

that a recent examination showed said insurance company was in such a financial condition that the policy issued to appellant did not secure the compensation required by the law and directing appellant to reinsure with a company of recognized financial ability, or make proof of its ability to pay compensation without insurance. February 28, 1916, appellant received a notice from the insurance company stating that the policy issued to appellant was canceled as of March 10, 1916, and asking that appellant furnish the insurance carrier with a report of wage expenditure from date of policy to date of cancellation so that the amount of earned premium could be determined. On March 13, 1916, appellant answered this letter and furnished the insurance company with a statement showing wages paid from date of policy to March 10, that being the date named in the notice when the cancellation of the policy would become effective. On March 7, the Industrial Board received a notice from the insurance company that the policy had been canceled. Appellant took no steps to reinsure its liability for compensation or to be relieved of the obligation to carry such insurance until May 11, 1916, when it filed its application with the Industrial Board for permission to carry its own risk without insurance and on which day such permission was granted.

On the former appeal, the court held the evidence not sufficient to sustain the verdict on the ground that the evidence failed to show any power or authority on the part of the insurance company to cancel the policy, the policy not having been introduced in evidence. On the last trial, the policy was introduced in evidence and it provides that either party may cancel the same by giving the other ten days notice, stating when the cancellation shall be effective, and that "the date of cancellation shall then be the end of the policy term." It

also provided that notice of the intention to cancel
should be filed with the Industrial Board at least ten
days before the date when cancellation became effective,
and that the earned premiums should be computed and
adjusted in accordance with a table printed on the
policy.

A few days after March 10, 1916, appellant and the
insurance company made computation of the earned pre-
mium and of the amount that should be returned to
appellant by the insurance company, but no part of the
premium was ever repaid to appellant, and, although it
made strenuous efforts to collect the amount due it on
that account, it was not able to make such collection.

One of appellant's contentions is that the repayment
of the amount due it because of the unearned premium
was a condition precedent to the cancellation of
the policy, and that the insurance company had
no power or authority to cancel the policy with-
out first paying appellant the amount due because of
the unearned premium. The evidence, however, is suf-
ficient to show that appellant accepted the cancellation
of the policy and that it was canceled by the mutual
agreement of the parties. After the date when the no-
tice stated the cancellation would become effective,
appellant, treating the policy as canceled, wrote a num-
ber of letters to the insurance company and to the
receiver thereafter appointed for the insurance com-
pany, in an attempt to collect the amount due appellant
on account of the unearned premium. Appellant also
filed an answer in abatement and an affirmative para-
graph in bar, in the instant case, wherein it admitted
that the policy of insurance had been canceled prior
to the time when appellee was injured. There is also
oral testimony to the effect that the officers of appel-
lant had admitted the cancellation of the policy prior
to the injury. We have no hesitancy in holding that

the evidence before us on this appeal is sufficient to sustain the jury in finding that at the time of the accident and injury to appellee, appellant did not carry any compensation insurance and that it had not been granted leave to carry its own risk.

Ordinarily an insurance company cannot cancel a policy of insurance without refunding or tendering the unearned premium. But, in cases like the one now under consideration, where the amount of the earned and unearned premiums depends on the amount of wages paid by the insured from the date of the policy to the date of cancellation, the amount earned and unearned could not be ascertained to a certainty until the date when the cancellation became effective. In the instant case, appellant did not furnish the insurance company with the amount of wages paid until after the date fixed in the notice when the cancellation should become effective and the liability on the policy should end. Appellant, without objecting to the cancellation of the policy before the unearned premium had been refunded, appears to have accepted the cancellation and to have extended credit to the insurance company for the amount of the unearned premium. The evidence was sufficient to justify the jury in drawing that conclusion.

There was no error in the giving of instructions Nos. 6 and 8, when taken in connection with the evidence, which we have held was sufficient to sustain a finding that the parties had, as a matter of fact, entered into an agreement of cancellation and where both parties treated the cancellation as having been actually accomplished. An insurance holder may voluntarily and without any consideration agree to a cancellation of his contract of insurance, and where such an agreement has become executed, it is as binding as if

based on a valuable money consideration. It is also to be observed that the policy issued to appellant expressly provided for cancellation by either party giving the other ten days notice when the cancellation shall be effective, and that the date of cancellation fixed in the notice "shall then be the end of the policy term."

Instructions Nos. 16 and 24, requested by appellant were to the effect that where there exists an election between inconsistent remedies, a party is confined to the remedy he first adopts, and that the Workmen's Compensation Act is exclusive of all other statutory and common-law remedies so that where the parties are subject to the provisions of such act, all rights arising under it must be settled by the agencies therein provided, and not in actions at common law. These instructions, even if proper, were fully covered by other instructions which were given at the request of appellant. There was no error in the refusal to give either of these instructions.

No reversible error being shown, the judgment is affirmed.