BESSIE HUGHES, WIDOW OF EVERETT HUGHES, AND EVERETT HUGHES, JR., v. FRANK LEWIS, EMPLOYER, AND AMERICAN CASUALTY COMPANY, CARRIER.

(Filed 21 December, 1932.)

1. **Insurance H c—Return of unearned premium to employer is not prerequisite to cancellation of policy of compensation insurance.**

   The return of the unearned premium to the employer is not a prerequisite to the insurer's right to cancel a Standard Workmen's Compensation policy of insurance for nonpayment of premium, the policy providing that the insurer shall have the right to examine the books of the employer with respect to the amount paid by him to employees during the period in determining the amount of unearned premium, and where a standard policy of compensation insurance has been canceled for nonpayment of premium and notice of cancellation has been given to and received by employer prior to an injury to or death of an employee resulting from an accident arising out of and in the course of his employment, the insurer is not liable to the employee or his dependents for an award of the Industrial Commission for such injury or death.

2. **Insurance H d—Insurer is liable to employer for amount of unearned premium after cancellation of policy of compensation insurance.**

   Where the insurer has canceled a standard policy of compensation insurance it is liable to the employer for the amount of unearned premium thereon, and where the insurer has credited the amount of the unearned premium to its broker's account, who in turn has credited the amount to account of the broker who had procured the employer's application for the insurance, the insurer is liable to the employer for the amount of the unearned premium not actually paid to the employer by the broker, since, if the broker is the agent of the employer, the insurer would have no right to credit the broker's account therewith, or if the broker is the agent of the insurer it would be liable for its agent's failure to pay the amount. C. S., 6304.

APPEAL by American Casualty Company from *Moore, J.,* at April Term, 1932, of MITCHELL.

This was a proceeding before the North Carolina Industrial Commission for compensation for the death of Everett Hughes.

The cause was heard by Wilson, Commissioner, who found the following facts:

The plaintiff's deceased, Everett Hughes, was injured by accident 7 November, 1930, while regularly employed by Frank Lewis, an independent contractor, while cutting timber, said accident being the proximate cause of his death. Frank Lewis had five or more regular employees. The widow of the deceased and one child, Everett J. Hughes, were wholly dependent upon the deceased at the time of his injury by accident and subsequent death. The real question in this case is one of insurance coverage. Upon all the evidence in this case the Commission makes the following findings of fact:

1. That the plaintiff's deceased, Everett Hughes, had accepted the provisions of the compensation act, and was regularly employed by Frank Lewis, defendant employer, on 7 November, 1930, when the said deceased sustained an injury by accident which arose out of and in the course of his regular employment while cutting timber; that said deceased died the same day from said injuries.

2. That the widow of the plaintiff's deceased, Mrs. Bessie Hughes, and their only child, Everett J. Hughes, age one year, were the only persons wholly dependent upon said deceased at the time of his injury by accident and subsequent death, and that the said deceased's average weekly wage was $13.50 per week.

3. That Frank Lewis, the defendant employer, was an independent contractor, employing regularly five or more employees.

4. That the American Casualty Company issued a policy effective 12 March, 1930, covering the logging and lumbering operations of the defendant employer, Frank Lewis, and also his portable saw mill; that said policy was duly canceled 30 September, 1930, and the defendant employer was so notified.

5. That at the time of the injury and death of Everett Hughes, 7 November, 1930, the defendant employer had no compensation insurance.

6. That the defendant employer purchased his insurance from Joseph A. Rowland, an insurance broker, who, in turn, brokered the policy through Forester-Prevett Insurance Company, agents of the American Casualty Company.

7. That the initial premium was $400 on the compensation policy covering the operations of Frank Lewis; that at the time of the cancellation there was an unearned premium of $261 which the American Casualty Company credited to the account of the Forester-Prevett Company as agent, who, in turn, credited Joseph A. Rowland, the broker, with said amount.

8. That the broker, Joseph A. Rowland, has only returned $25 of said unearned premium to the defendant employer, Frank Lewis.

9. That said notice of cancellation was received by the defendant employer prior to the injury and death of the deceased.

10. That the American Casualty Company is not liable.

11. That the J. Walter Wright Lumber Company, and its insurance carrier, Southern Surety Company, is not liable.

From these facts the Commissioner deduced certain conclusions of law and made the following award:

"The Commission awards compensation to the widow of the deceased, Mrs. Bessie Hughes, and Everett J. Hughes, age one year, son of said deceased, at the rate of $8.10 per week for a period of 350 weeks, said compensation to be paid by the defendant employer, Frank Lewis. Said defendant employer shall also pay the burial expense, not to exceed $200, and also any medical or hospital expense incurred during the last illness, subject to the approval of the Industrial Commission. Each party will pay its own costs."

This award was affirmed on appeal to the full Commission and the plaintiffs appealed to the Superior Court. Judge Moore modified the award of the Commission and adjudged that the plaintiffs are entitled to recover of the defendants $8.10 a week for a period of 350 weeks and burial expenses not to exceed $200, together with medical and hospital expenses, for which the employer and the carrier are liable.

The American Casualty Company excepted and appealed.

*J. Laurence Jones and J. L. DeLaney for appellant.*
*Berry & Greene for appellees.*

ADAMS, J. Frank Lewis, an independent contractor, was the employer, Everett Hughes, the deceased, was his employee, and the American Casualty Company was the carrier of insurance. The employer applied to Joseph A. Rowland, an insurance agent of West Jefferson, for a Workmen's Compensation policy, and Rowland made application for the policy to the Forester-Prevett Insurance Company of North Wilkesboro, agent of the American Casualty Company. On 12 March, 1930, the American Casualty Company issued in the name of the employer a Universal Standard Workmen's Compensation Policy and sent it to the Forester-Prevett Company. The latter delivered it to Rowland and Rowland to the employer. Rowland received the usual broker's commission from the Forester-Prevett Company with whom he had an account. On 30 September, 1930, the American Casualty Company canceled the policy for nonpayment of the premium and notified the insured. Sometime thereafter it returned the unearned estimated premium to the Forester-Prevett Company, who credited Rowland's account with this

sum. Of the unearned premium Rowland returned to the insured the sum of twenty-five dollars only, in part payment of the amount to which he was entitled.

The plaintiffs contend that the policy is in effect because the whole amount of the unearned premium was never returned to the insured. The contract of insurance contains the following provisions: "This policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, the cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period. . . . Notice of cancellation shall be served upon the employer as the law requires, but if no different requirement, notice mailed to the address of the employer herein given shall be a sufficient notice and the check of the company, similarly mailed, a sufficient tender of any unearned premium."

It is further provided that at the end of the policy period the actual amount of the remuneration earned by employees shall be exhibited to the company, as provided in condition C, and the earned premium adjusted in accordance therewith; also, that if the earned premium thus computed is greater than the advance premium paid, the employer shall pay the additional amount to the company, and if less, that the company shall return to the employer the unearned portion.

Condition C is as follows: "The company shall be permitted, at all reasonable times during the policy period, to inspect the plants, works, machinery and appliances covered by this policy, and to examine this employer's books at any time during the policy period, and any extension thereof, and within one year after its final expiration, so far as they relate to the remuneration earned by any employees of this employer while this policy was in force."

The plaintiffs assert that by virtue of these provisions payment or tender to the employer of the unearned premium was a condition precedent to the cancellation of the policy, and it may be conceded that the principle is frequently enforced in determining the liability of insurance companies on certain classes of policies. 5 Cooley's Brief on Insurance, 4669; 3 Couch's Cyclopedia of Insurance, 2347, sec. 707. In a life or fire insurance policy, for example, the amount of the unearned premium is fixed or may be ascertained at the time of cancellation and remitted to the insured with the notice. It is otherwise in the Standard Workmen's Compensation Policy. Under its provisions the insurance carrier has the privilege of calling for an audit of the payroll as prerequisite to the calculation of the amount due the insured as unearned premium, the return of which is not a condition precedent to the cancellation of the policy. The employer admitted that the policy in question had been

canceled prior to the occurrence of the injury resulting in the death of the plaintiff's intestate and that he had received notice of the cancellation.

We are of opinion, however, that the appellant is liable for that portion of the unearned premium which has not been actually paid to the employer. The policy was procured through Joseph A. Rowland. It is provided by statute that an insurance agent or broker who acts for a person other than himself in negotiating a contract of insurance is, for the purpose of receiving a premium therefor, the company's agent, whatever conditions or stipulations may be contained in the policies or contracts. C. S., 6304. It is unnecessary to inquire whether such agent or broker is the company's agent for the return to the insured of the unearned premium. If Rowland was the company's agent for this purpose, the company is liable to the employer for so much of the unearned premium as has not been paid to the employer. The same result follows if the broker was the agent of the employer. The company's agent at North Wilkesboro had no legal right to credit Rowland's account with the unearned premium, which in fact was the property of the employer, the evidence being that Rowland was indebted to the Forester-Prevett Company at that time; and Rowland had no right to accept the credit without the consent of his principal. *Turlington v. Ins. Co.,* 193 N. C., 481.

The award of the Superior Court against the American Casualty Company is reversed, and as modified the judgment is affirmed.

Modified and affirmed.