## J. N. MILLS v. NEW YORK LIFE INSURANCE COMPANY AND SOLOMON BLOMBERG.

(Filed 22 January, 1936.)

**1. Insurance C b—**

Payment of the initial premium on a policy of life insurance to insurer's soliciting agent is payment to the company. C. S., 6304.

**2. Same—Payment of note for second premium to insurer's agent without obtaining note or insurer's receipt held not payment to insurer.**

The policy in question provided that premiums were payable at the home office of insurer and were payable to a duly authorized agent only in exchange for insurer's official receipt. Plaintiff's evidence showed payment of a note given for the second semiannual premium to insurer's authorized agent without obtaining the note or insurer's official receipt, and there was no evidence that insurer ever received any part of the payment. In insured's action against insurer to recover the premium paid after insurer had declared the policy forfeited, *it is held,* insurer's motion to nonsuit was properly allowed, payment to the agent under the circumstances not constituting payment to insurer.

APPEAL by plaintiff from *Cowper, J.,* at April Term, 1935, of DURHAM. Affirmed.

From a judgment of nonsuit as to defendant Life Insurance Company plaintiff appealed.

The facts as disclosed by the record are substantially as follows:

The plaintiff, who is a reputable colored physician of Durham, N. C., took out a policy of insurance in defendant company on 19 August, 1931, and paid the semiannual premium of $208.40 to the soliciting agent, Solomon Blomberg. When the next semiannual premium became due on 19 February, 1932, plaintiff paid $26.25 in cash to Blomberg, and

gave a note to the company for the balance of the premium of $182.15. This note was made payable to the New York Life Insurance Company at Charlotte, N. C., on or before 19 May, 1932, and contains the provision that if not paid when due all rights under the policy would be terminated. Plaintiff testified he later paid the note to Blomberg, but did not get the note or official premium receipt. The company lapsed the policy for nonpayment of the second semiannual premium. The policy of insurance contained the following provision: "All premiums are payable on or before their due date at the home office of the company or to an authorized agent of the company, but only in exchange for the company's official premium receipt signed by the president, a vice-president, a third vice-president, a secretary, or the treasurer of the company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt."

On 26 March, 1934, at the instance of the southern representative of defendant company, Blomberg gave plaintiff his personal check for $208.00, but the check was returned unpaid, with notation "account closed."

Thereafter, on 7 December, 1934, plaintiff instituted this action against the defendants, in the court of a justice of the peace, to recover $200.00 (remitting all over that amount).

At the close of the evidence motion for nonsuit was sustained and from judgment thereon plaintiff appealed.

*R. O. Everett for plaintiff.*
*Smith, Wharton & Hudgins for defendant New York Life Insurance Company.*

DEVIN, J. The company admits the payment of the first semiannual premium, but without this admission payment to the soliciting agent Blomberg would constitute payment to the company by virtue of C. S., 6304.

But the payment to Blomberg of the amount of a later premium, becoming due thereafter, would not constitute payment to the company. *Thompson v. Assurance Society,* 199 N. C., 59. There is no evidence the company ever received any part of it, nor is it contended the payment was made in exchange for the official premium receipt required by the insurance contract, and the note given for part of the premium was on its face made payable to the company in Charlotte. Plaintiff testified he later paid this note to Blomberg but without requiring the production of the note or the premium receipt.

The case of *Hughes v. Lewis,* 203 N. C., 775, is not in conflict with the rule laid down in *Thompson v. Assurance Society, supra.* In

*Hughes v. Lewis, supra,* the facts were the reverse of those in the case at bar. There the insurance company, in attempting to refund to the insured the unearned portion of a premium, paid it to a local agent, who did not pay all of it to the insured, and it was held the company was liable to the insured for the unpaid portion.

Plaintiff has suffered a regrettable loss, but fault therefor may not, in law, be laid at the door of defendant insurance company.

Affirmed.