FARMERS GIN CO. v. UNITED STATES F. & G. CO.

No. 24243.   Feb. 25. 1936.

Counts & Counts and Mounts & Chamberlin, for plaintiff in error.

Thos. H. Owen and Paul N. Lindsey, for defendant in error.

McNEILL, C. J. This action seeks to recover compensation insurance from an insurance carrier by reason of an award entered by the State Industrial Commission in favor of an employee.

The employee was injured several months after the employer had received notice of the cancellation of the policy, which the insurance carrier had issued to the employer

covering liability under the Workmen's Compensation Law. The unearned premium had not been returned or determined at the time the injury was received by the employee.

Plaintiff in error, the employer, urges the theory that the return of the unearned premium was a condition precedent to the cancellation of the policy; and that since the premium had not been returned to the employer at the time of the injury to the employee, the insurance carrier should be required to pay the amount of the award.

This court has not passed on this specific question. Plaintiff stresses the general rule applicable to fire insurance-policies, which rule requires refunding or tendering the unearned premium as a condition precedent to the cancellation of the policy. The cases of Commercial Union Fire Ins. Co. of New York v. Miller, 119 Okla. 101, 248 P. 1112, and Taylor v. Insurance Company of North America, 25 Okla. 92, 105 P. 354, cited by plaintiff in error, support that general rule. See, also, section 10557, O. S. 1931, which prescribes the standard form of a fire insurance policy and requires the return of an unearned premium as a condition precedent to the cancellation of a fire insurance policy. There is no similar statutory provision governing cancellation of workmen's compensation policies. See paragraph E of section 13377, O. S. 1931. Nor is there any such condition precedent found in the present policy. **The policy** provides in effect that after the end of the policy period earned premium shall be computed and adjusted, and it makes no provision that such unearned premium be returned at the time the notice of cancellation is served or that it must be returned before the cancellation is effective.

This question involving like provisions in workmen's compensation policies has received the attention of the Supreme Court of North Carolina and also the Appellate Court of Indiana, in the following cases: Hughes v. Lewis, 203 N. C. 775, 166 S. E. 909; Talge Mahogany Co. v. Burroughs, 82 Ind. App. 253, 143 N. E. 692.

In the case of Hughes v. Lewis, supra, it was contended that the policy was in effect because the whole amount of the unearned premium was never returned to the insured, and that the payment or tender to the employer of the unearned premium was a condition precedent to the cancellation of the policy. In that case the court said:

"The plaintiffs assert that by virtue of these provisions payment or tender to the employer of the unearned premium was a condition precedent to the cancellation of the

policy, and it may be conceded that the principle is frequently enforced in determining the liability of insurance companies on certain classes of policies. 5 Cooley's Brief on Insurance, 4669; 3 Couch's Cyclopedia of Insurance, 2347, section 707. In a life or fire insurance policy, for example, the amount of the unearned premium is fixed or may be ascertained at the time of cancellation and remitted to the insured with notice. It is otherwise in the standard workmen's compensation policy. Under its provisions the insurance carrier has the privilege of calling for an audit of the pay roll as prerequisite to the calculation of the amount due the insured as unearned premium, the return of which is not a condition precedent to the cancellation of the policy."

We approve that rule. Judgment affirmed.

WELCH, PHELPS, CORN, and GIBSON, JJ., concur.