In the Matter of the Claim of MARGARET DOEY against CLARENCE P. HOWLAND Co., INC., et al., Respondents.

THE STATE INDUSTRIAL COMMISSION, Appellant.

**Jurisdiction of courts — Workmen's Compensation Law — accidental death of carpenter engaged in performance of a maritime contract — industrial commission has no authority to make an award in such case — motion by employer and insurance carrier to set aside such award after Federal courts have decided that they have exclusive jurisdiction of such cases.**

1. Where a court is authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise jurisdiction in a case to which the statute has no application, it does not acquire

jurisdiction and its judgment or determination when made is a nullity and will be so treated whenever called in question by either a direct or collateral attack.

2. A carpenter employed by a contractor making repairs upon an ocean-going vessel is engaged in the performance of a maritime contract, and where he is killed by falling down a hatchway of such vessel while engaged in such work, the state industrial commission is without authority to make an award for his death under the Workmen's Compensation Law of this state, the Federal courts having exclusive jurisdiction.

3. Where in such case the state industrial commission made an award, the validity of which was recognized by the employer and insurance carrier by not appealing from the award and by making payments thereon until after decisions of our courts sustaining awards made in similar cases were reversed by the United States Supreme Court (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, and *Clyde Steamship Co.* v. *Walker*, 244 U. S. 255) upon the grounds that the New York State Workmen's Compensation Law, in so far as it applied to contracts of a maritime nature, was void, the employer and insurance carrier are not prevented by such acquiescence from moving to vacate the award on the ground that the state industrial commission did not have jurisdiction to make the same.

*Matter of Doey* v. *Howland Co.*, 182 App. Div. 152, affirmed.

(Argued April 25, 1918; decided June 4, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 7, 1918, which reversed an order of the state industrial commission denying an application to set aside an award made under the Workmen's Compensation Law and granted said application.

The facts, so far as material, are stated in the opinion.

*Merton E. Lewis, Attorney-General (E. C. Aiken* of counsel), for appellant state industrial commission. The state industrial commission had jurisdiction to make the award as the defendant employer was not subject to admiralty jurisdiction. (*Roach* v. *Chapman*, 63 U. S. 129; *Peoples Ferry Company* v. *Beers*, 51 U. S. 393; *Norton* v. *Switzer*, 93 U. S. 355, 366; *Cope* v. *Vallette Dry Dock Co.*,

119 U. S. 625; *The Robert W. Parsons,* 191 U. S. 17; *The Moses Taylor,* 4 Wall. 411; *Steamship Co.* v. *Chase,* 16 Wall. 552; *Knapp* v. *McCaffrey,* 177 U. S. 638; *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52; *Southern Surety Co.* v. *Tubbs,* 199 S. W. Rep. 343.)

*Jeremiah F. Connor* and *Robert W. Bonynge* for appellant. The employer and insurance carrier have waived any question as to the constitutionality of the act, and are estopped from raising the question at this time. (*Vose* v. *Cockcroft,* 44 N. Y. 415; *Steers* v. *L., N. Y. & P. S. S. Co.,* 57 N. Y. 1, 7; *People* v. *Fire Assn. of Philadelphia,* 92 N. Y. 311, 326; *Sentenis* v. *Ladew,* 140 N. Y. 463; *Mayor of New York* v. *Manhattan Railway Co.,* 143 N. Y. 1; *Musco* v. *United Surety Co.,* 196 N. Y. 459; *Daniels* v. *Tearney,* 102 U. S. 415; *Pierce* v. *Somerset Railway,* 171 U. S. 641; *Schweitzer* v. *Hamburg-Am. Line,* 78 Misc. Rep. 448; *Pensabene* v. *Auditore Co.,* 78 Misc. Rep. 538.) Respondents have lost their right to review or question the award of the commission by failing to raise the constitutional question upon the trial before the commission and by failing to appeal. (*Vose* v. *Cockcroft,* 44 N. Y. 415; *Delaney* v. *Brett,* 51 N. Y. 78; *Steers* v. *L., N. Y. & P. S. S. Co.,* 57 N. Y. 1; *Purdy* v. *Erie R. R. Co.,* 162 N. Y. 42, 51; 185 U. S. 148; *Dodge* v. *Cornelius,* 168 N. Y. 242; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291; *Minneapolis & St. Louis R. R. Co.* v. *Winters,* 242 U. S. 353; *Atlantic Coastline R. R. Co.* v. *Mims,* 242 U. S. 532; *Valley S. S. Co.* v. *Wattawa,* 244 U. S. 202; *Clemens* v. *Clemens & Grell,* 180 App. Div. 92.) The commission had jurisdiction of the subject-matter. (*Hunt* v. *Hunt,* 72 N. Y. 217; *People ex rel. Davis* v. *Sturdevant,* 9 N. Y. 263; *People* v. *Talmadge,* 194 Ill. 67; *People* v. *Superior Court,* 234 Ill. 186; *Betts* v. *Bagley,* 12 Pick. 572; *Porter* v. *Purdy,* 29 N. Y. 106; *Lange* v. *Benedict,* 73 N. Y. 12; *Smith* v. *Central Trust*

*Co.,* 154 N. Y. 333; *Hughes* v. *Cuming,* 165 N. Y. 91; *Belden* v. *Wilkinson,* 44 App. Div. 420; *Christiansen* v. *Mendham,* 45 App. Div. 554.)

*Merwyn H. Nellis* for respondents. The Federal Constitution and the Judicial Code as existent at the time of the death of claimant's decedent and at the time the award here sought to be enforced was attempted to be made, excluded the state industrial commission from jurisdiction of subjects within the maritime jurisdiction of the Federal District Courts. (*Southern Pacific Co.* v. *Jensen,* 244 U. S. 215; *Hines* v. *Trevor,* 4 Wall. 568; *Dougan* v. *Champlain Transp. Co.,* 56 N. Y. 1; Benedict's Admiralty [4th ed.], 107; *Brookman* v. *Hamill,* 43 N. Y. 562; *The Jerusalem,* 2 Gall. 350; *Steamboat Co.* v. *Chase,* 16 Wall. 534; *Matter of Walker* v. *Clyde S. S. Co.,* 215 N. Y. 529; 244 U. S. 255.) The attempted award to the widow of Patrick Doey is void and utterly ineffectual because Patrick Doey's employment, work and death were of a maritime nature and as such the subject-matter upon which the state industrial commission attempted to adjudicate was a matter exclusively within the maritime jurisdiction of the Federal District Courts. (*Rhode Island* v. *Massachusetts,* 12 Pet. 657; *Bank of United States* v. *Deveraux,* 5 Cranch, 6; *Waring* v. *Clark,* 5 How. [U. S.] 441; *Cohens* v. *Virginia,* 6 Wheat. 264; *The Resolute,* 168 U. S. 437; *P. W. & B. R. R. Co.* v. *P. H. DeG. S. T. Co.,* 23 How. [U. S.] 209; *New York & Long Branch Steamboat Co.* v. *Johnson,* 195 Fed. Rep. 740; *Todd* v. *The Tulchem,* 14 Phila. 550; *Reed* v. *Weule,* 176 Fed. Rep. 660; *The City of Salem,* 10 Fed. Rep. 843.) Unless the exclusive features of admiralty jurisdiction, depriving compensation commissions of jurisdiction to make an award wherever Federal District Courts have jurisdiction under the clauses of the Constitution and Judiciary Code quoted above, is held

applicable to all cases pertaining to ships and shipping, the confusion arising from conflicting decisions against which the *Jensen* case was directed will prevail. (*Tallac Co.* v. *Pillsbury*, 168 Pac. Rep. 17; *The Belfast*, 7 Wall. 640; *Workman* v. *New York City*, 179 U. S. 558.) Since the industrial commission had not jurisdiction of the subject-matter no act, consent or acquiescence of respondents could render valid and effectual the award attempted to be made. (*Buckles* v. *State*, 221 N. Y. 418; *Sauerbruen* v. *Hartford Life Ins. Co.*, 220 N. Y. 371; *McCarty* v. *Parkhurst*, 26 Abb. [N. C.] 235; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Weinstein* v. *Douglass*, 51 Misc. Rep. 559; *Pitt* v. *Davison*, 37 Barb. 97; *McMahon* v. *Rauler*, 47 N. Y. 72; *Kundolf* v. *Thalheimer*, 12 N. Y. 593; *Risley* v. *Phœnix Bank*, 83 N. Y. 338; *Elliot* v. *Piersol*, 1 Pet. 328.)

McLAUGHLIN, J.  On the 31st of July, 1916, Patrick Doey, an employee of Clarence P. Howland Co., Inc., while engaged in making repairs on the steamship *Normandie*, lost his life by falling down a hatchway. His widow, on behalf of herself and infant children, filed a claim with the state industrial commission, under chapter 41 of the Laws of 1914, for compensation for his death. The commission recognized the validity of the claim and in March, 1917, made an award directing that the same be satisfied by weekly payments. The employer and insurance carrier acquiesced in the award until May 21, 1917, when the Supreme Court of the United States handed down its decisions in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Clyde Steamship Co.* v. *Walker* (Id. 255) holding that the New York State Workmen's Compensation Law (Laws of 1914, chap. 41), in so far as it applied to contracts maritime in nature, was void, inasmuch as the same was in contravention of article III, section 2, of the Federal Constitution extending the judicial power of the United States to all cases of

admiralty and maritime jurisdiction; also in contravention of section 9 of the Judiciary Act of 1789, continued in Judicial Code of 1911, paragraphs 24 and 256 (36 Statutes at Large, 1091, 1160; chap. 231, Comp. Statutes, 1916, pars. 991, 1213), by which the District Courts of the United States are given " exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction; * * * saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it."

After these decisions had been rendered the employer and insurance carrier moved to vacate the award, on the ground that the state industrial commission did not have jurisdiction to make the same. The application was denied and an appeal then taken to the Appellate Division, where the determination of the commission was, by divided court, reversed and the award vacated. From this order the industrial commission appeals to this court.

Two questions are presented: (a) Was Doey, at the time of his death, engaged in the performance of a maritime contract? (b) If so, were the respondents, after having recognized the validity of the award by making payments thereon and not appealing therefrom, in a position to question the jurisdiction of the commission?

If the first question be answered in the affirmative, then it necessarily follows from the decisions of the Supreme Court of the United States above referred to, that the commission had no authority to make the award in question. In determining whether a contract be of maritime nature, locality is not controlling, since the true test is the subject-matter of the contract — the nature and character of the work to be done. (*Erie R. R. Co. v. Welsh*, 242 U. S. 303.) In torts the rule is different. There, jurisdiction depends solely upon the place where the tort was committed, which must have been upon the

high seas or other navigable waters. (*Atlantic Transport Co. of W. Va.* v. *Imbrovek*, 234 U. S. 52.) An award under the Workmen's Compensation Law is not made on the theory that a tort has been committed; on the contrary, it is upon the theory that the statute giving the commission power to make an award is read into and becomes a part of the contract. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.) The contract of employment, by virtue of the statute, contains an implied provision that the employer, if the employee be injured, will pay to him a certain sum to compensate for the injuries sustained, or if death results, a certain sum to dependents. These payments are made irrespective of whether or not the employer was guilty of wrongdoing. It is a part of the compensation agreed to be paid for services rendered in the course of the employment.

In the present case, upon the conceded facts, I am of the opinion that Doey was, at the time he met his death, engaged in the performance of a maritime contract. His employer had taken a contract to repair an ocean-going vessel, preparatory to its taking on a cargo of grain. Doey was one of several carpenters employed to make the necessary changes. He was, at the time he was killed, engaged in such work on a steamship then in navigable waters. The contract to make the changes was certainly maritime in its nature. Preparing a steamship to receive a cargo is as much maritime in nature as putting the cargo on or taking it from the ship. Nor was the nature of the contract changed in any way because the contractor did not actually do the work himself, but employed others to do it for him. Doey's contract of employment was just as much of a maritime nature as was that of his employer. Any doubt that might have existed that an employeee of a contractor to load a ship is, while thus engaged, in the performance of a maritime contract, was settled by the

decision in *Atlantic Transport Co. of W. Va.* v.
*Imbrovek* (*supra*).  There, Mr. Justice HUGHES, who
delivered the opinion of the court, referring to the
work of a longshoreman, said: " The libelant was injured
on a ship, lying in navigable waters, and while he was
engaged in the performance of a maritime service.  We
entertain no doubt that the service in loading and stow-
ing a ship's cargo is of this character.  Upon its proper
performance depend in large measure the safe carrying
of the cargo and the safety of the ship itself; and it is a
service absolutely necessary to enable the ship to discharge
its maritime duty.  Formerly the work was done by the
ship's crew, but, owing to the exigencies of increasing
commerce and the demand for rapidity and special
skill, it has become a specialized service devolving upon
a class ' as clearly identified with maritime affairs as are
the mariners.' "   (p. 61.)

In *Southern Pacific Co.* v. *Jensen* (*supra*) the decedent
was an employee of the Southern Pacific Company, a
corporation organized under the laws of the state of
Kentucky, where it had its principal office.  It also had
an office at pier 49, North river, New York city.  It had
a contract to unload a cargo from a steamship lying
alongside that pier.  Jensen, in the discharge of his
duties to his employer, drove on to the steamship an
electric truck, where it was loaded with lumber.  He
then started to drive the truck from the ship and while
it was on the bridge connecting the ship with the pier,
his head came in contact with a piece of timber and he
was killed.  The court held, reversing this court, that
the New York state industrial commission had no juris-
diction to make the award under the Workmen's Com-
pensation Law of that state, since the contract which
Jensen was performing was maritime in its nature.

In *Clyde Steamship Co.* v. *Walker* (*supra*) the steam-
ship company had taken a contract to unload a vessel.

It employed Walker, a longshoreman, to assist in doing the work. While thus engaged he was injured. It was held, on authority of the *Jensen* case, that at the time he received his injuries he was engaged in a maritime contract over which the admiralty courts had exclusive jurisdiction; that the New York state industrial commission had no authority to make the award and that the decision of this court in so holding was erroneous.

In view of these decisions, I am unable to reach a conclusion other than that Doey, at the time he lost his life, was engaged in a maritime contract and if this view be correct, then the industrial commission had no authority to make the award in question. This conclusion necessarily leads to the consideration of the second question.

I am of the opinion that the employer and insurance carrier were in a position to question the jurisdiction of the commission to make the award. The only authority it had to make the award was that derived from the statute. The power thus given was unknown to the common law, as well as the method of procedure. The rule is well settled that a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, does not acquire jurisdiction and its judgment or determination when made is a nullity and will be so treated whenever called in question by either a direct or collateral attack. (*Risley* v. *Phenix Bank of the City of New York,* 83 N. Y. 318; *State of Rhode Island* v. *Comm. Massachusetts,* 12 Peters, 657.)

The general rule is that lack of jurisdiction to render a judgment or determination may be asserted at any time, and the only exception of which I am aware is where jurisdiction depends upon a question of fact. If that be litigated and determined, then the question is settled by the judgment, which becomes final and conclusive unless set aside by a direct attack or reversed on appeal there-

from. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *Ferguson* v. *Crawford*, 70 N. Y. 253.) In all other cases where there is a lack of authority to hear and determine the subject-matter of the controversy, an adjudication is a nullity and will be so declared at the instance of a party affected thereby. (*Matter of Will of Walker*, 136 N. Y. 20.)

The employer and insurance carrier, therefore, were not, in my opinion, estopped from questioning the jurisdiction of the commission. It had assumed to pass upon a subject over which the Federal courts had exclusive jurisdiction. The fact that the determination of the commission had been acquiesced in to the extent that certain payments had been made thereunder and an appeal had not been taken therefrom, could not prevent either of such parties raising the question at any time they saw fit. This follows from the fact that the determination was a nullity. It bound no one. It was a void determination.

My conclusion is that Doey, at the time of his death, was engaged in the performance of a maritime contract; that the compensation commission had no power to make the award; and that the Appellate Division was right in reversing the determination and dismissing the claim.

The order appealed from should be affirmed, with costs against the state industrial commission.

HISCOCK, Ch. J., CHASE, COLLIN and CUDDEBACK, JJ., concur; HOGAN and CARDOZO, JJ., concur in result.

Order affirmed.