EASTMAN KODAK COMPANY, Plaintiff, *v.* CLAY D. RICHARDS et al., Defendants.

Supreme Court, Monroe Special Term, April 26, 1924.

Towns — creation by town board of water district under **Town Law,** §§ 282, 285 — determination of town board under Town Law, § 285, is judicial and is not subject to collateral attack in taxpayer's action — determination of town board may be reviewed by certiorari within four months.

The action of a town board in determining, under sections 282 and 285 of the Town Law, that a majority of the owners of taxable real property in a proposed water district had signed a petition for the establishment of a water district is a judicial act, not merely administrative or ministerial, and is not subject to collateral attack in a taxpayer's action.

Accordingly, a taxpayer is not entitled to relief in an action to restrain the establishment and completion of a water district where the town board determined that the petition was signed by a majority of the property owners as

Supreme Court, April, 1924. [Vol. 123

appeared from the last completed assessment roll and where the plaintiff failed to take advantage of the remedy offered by law to review and set aside the determination of the town board in a certiorari proceeding within four months after such determination was made.

MOTION by the plaintiff for a temporary injunction restraining the defendants from completing the construction of a water distributing system in a water district in the town of Greece and from paying out further sums in connection with the construction or establishment of such water district and from levying or collecting any tax or assessment to pay the principal of or interest on the bonds heretofore issued.

*Hubbell, Taylor, Goodwin & Moser* (*T. Carl Nixon*, of counsel), for the plaintiff.

*Harris, Beach, Harris & Matson* (*Paul M. Folger*, of counsel), for the defendant Town Board of Greece.

*George Y. Webster*, in person and for the defendants Water Commissioners of the Lake Shore Water District.

*John F. Kinney*, for the defendant Rochester Willite Corporation.

*Benton, McKay, Bown & Johnson*, for the defendant Rochester and Lake Ontario Water Company.

CUNNINGHAM, J. This action is brought by the plaintiff as a taxpayer to permanently restrain the defendants from taking any further steps to establish and complete a water district in the town of Greece, known as the Lake Shore Water District.

On May 18, 1923, a petition was filed in the office of the town clerk of the town of Greece asking that a water district to be known as the Lake Shore Water District be established. The petition purported to be signed by a majority of the owners of taxable real property in the proposed district, as appeared from the last preceding completed assessment roll. On the next day the town clerk caused to be posted in six public and conspicuous places in the proposed district a notice stating that the petition had been filed and asked for the establishment of a water district to be known as the Lake Shore Water District; and that the town board would meet on the 1st day of June, 1923, to consider the petition.

At the time and place stated in the notice the town board met and a number of taxpayers were present. Objections were called for and no one appeared in opposition to the formation of the proposed district. The town board, after consideration, determined that the petition was in fact signed and acknowledged by a majority of the owners of taxable real property in the proposed water district. Such determination was in writing, signed by the members

of the town board and recorded in the minutes of the meeting. Thereupon the board made an order establishing the water district as proposed and appointed water commissioners. The water commissioners duly qualified and thereafter obtained permission from the water control commission of the state to construct the water distributing system in such district.

The water commissioners then let a contract for the construction of the water distributing system and the town board sold bonds of the town to the amount of $180,000 and turned the moneys realized therefrom over to the water commissioners. The contract was let for the sum of $162,398.50 and the work has been so far completed that there has been paid thereon to the contractors the sum of $117,000.

The complaint alleges that the petition presented to the town board was not signed by a majority of the owners of taxable real property in the proposed district as appears by the last preceding completed assessment roll. The plaintiff claims, therefore, that the board was without jurisdiction and that all acts taken thereafter in connection with the establishment of the water district and the construction of the water distributing system are void.

If the acts performed and to be performed by the town board and the water commissioners are illegal, I believe that this action may be maintained. Gen. Mun. Law, § 51; *Altschul* v. *Ludwig,* 216 N. Y. 459.

If the action of the town board in determining that a majority of the property owners had signed the petition was a judicial act and not merely a ministerial or administrative act, then this determination is final and conclusive, subject to review only in a direct proceeding. If it were a judicial act, as it has not been reviewed in such proceeding, the determination and all other subsequent official acts must be deemed to be valid and legal. It becomes necessary, therefore, to examine the statute to learn whether the action of the board was ministerial or judicial in its nature.

The Town Law (§ 282) provides for the creation by the town board of a water district upon the petition " of a majority of the owners of taxable real property in a proposed district, as appears by the last preceding completed assessment roll." Section 285 provides that " When the petition, map and plans are filed in the town clerk's office the town clerk shall cause notice of the filing of said petition and the object thereof to be published for one week in a newspaper published in such town or if no newspaper be published therein, then by posting said notice in at least six public and conspicuous places in the proposed water district * * *.

Such notice shall also specify a time and place where the town board will meet to consider the petition * * *. At such meeting the town board shall determine if said petition is in fact signed and acknowledged by a majority of the owners of taxable real property in said proposed water district. Such determination shall be in writing signed by the board and recorded in the minutes of said meeting. If the decision be that the petition is signed and acknowledged by a majority of the owners of taxable real property in the proposed district, then the town board shall make an order establishing such district * * *."

The town board had jurisdiction of the subject-matter of the creation of a water district; this was committed to it by statute. It obtained jurisdiction of the persons of the taxpayers in the proposed district by giving the notice prescribed in the statute.

When notice of a meeting of public officials is required by statute to be given to taxpayers, they have the right to appear, to be heard, to support or object to the proposed action and to submit proof in support thereof or in opposition thereto. *Matter of Public Service Comm.*, 217 N. Y. 61, 65,

"Consider" is defined in Corpus Juris as "to fix the mind on with a view to careful examination;" in Webster's New International Dictionary as "to inspect; examine."

A consideration after notice to taxpayers must have placed upon the board the duty of inquiring into the contents of the petition and the statements contained therein. The board was required to determine the fact whether or not the petition was signed by a majority of the owners of real property.

"Determine" is defined in Webster's New International Dictionary as "to bring to a conclusion, as a question or controversy; to settle by authoritative or judicial sentence; to decide;" in the Century Dictionary as "to fix or settle definitely."

It is held in *N. J. R. R. & Trans. Co.* v. *Suydam*, 17 N. J. Law, 25, 47, that "to determine, is to perform a judicial act."

"Decision" is defined in Bouvier's Law Dictionary as "a judgment given by a competent tribunal."

The statute thus provides for a public inquiry by the town board into the contents of the petition and the statements contained therein at a meeting at which the taxpayers have the right to be present and to be heard and to offer proofs in support of or in contradiction to the allegations of the petition. The town board is required to pass upon and settle a question of fact, that is, whether or not a majority of the property owners have signed the petition. Their determination of this question is to be put in writing and is then called a decision. It seems to me that this

statute requires a judicial hearing, a judicial determination and a judicial decision.

Until 1907 there was no provision in the law giving the town board the power to determine whether or not the petition had been signed by a majority of the property owners. The previous statute granted authority to establish a water district " If the town board is satisfied that the petitioners are a majority of the owners of real property in the proposed district, and own a majority in value of the taxable real property therein." Laws of 1900, chap. 451, as amd. by Laws of 1901, chap. 471.

Statutory provisions similar to those contained in the water acts of 1900 and 1901, quoted above, have been construed by the Court of Appeals as giving no power to the town board to act unless the petition was in fact signed by a majority of the property owners, and it was decided that it did not acquire jurisdiction to act by adopting a resolution to the effect that a majority of the property owners had signed the petition. *Cagwin* v. *Town of Hancock*, 84 N. Y. 532; *Miller* v. *City of Amsterdam*, 149 id. 288; *People ex rel. O'Connor* v. *Board of Supervisors*, 153 id. 370.

In 1907 (Chap. 254) the act for the establishment of water districts was amended by providing that the town board should consider the petition after notice to taxpayers, should determine whether the petition was in fact signed by a majority of the property owners and that such determination and decision should be in writing, signed by the board and recorded in the minutes of the meeting. The legislature must be presumed to have known the law and to have been aware that under the former statute the action of the town board in establishing a water district was open to collateral attack if the petition had not, in fact, been signed by a majority of the property owners. The statute was then amended so as to provide for a judicial inquiry, a judicial determination and a judicial decision. This amendment is not purposeless and of no effect. The proceeding prescribed in the amendment is not an idle formality, an empty ceremony. The taxpayers were not invited to be present merely to watch the board perform an official act which meant nothing and settled nothing.

It was the purpose of the legislature to prescribe a procedure whereby it might be definitely determined that the town board had jurisdiction to take the necessary action for the creation of a water district before money had been expended for the construction of a water system therein. *People ex rel. Steward* v. *Railroad Commissioners*, 160 N. Y. 202–208.

As bonds to raise money for the construction of the water system were to be issued and offered for sale to the public, it was

Supreme Court, April, 1924.          [Vol. 123

only fair that the question of the authority of the town board to establish the district should be conclusively decided before innocent parties invested their funds in the project.   It was only right and just to the contractors who might bid upon the work to have it determined in advance that the water commissioners were empowered to let the contract to them.   It was not intended that property owners should permit the water district to be established, a water plant and system to be constructed with moneys furnished by purchasers of bonds and then come into court and restrain the payment of the securities.   Under the former statute the taxpayer could stand idly by and let the water system be constructed and obtain the benefits thereof, and then ask the court to restrain the levying of a tax upon his property.   The property owner might thus acquire all the advantages of the costly improvement without expense to himself.

The amendment was designed to prevent this and to make a determination of the town board final and conclusive, subject to attack only in a direct proceeding.   The rights of the taxpayers of the district were fully protected as they could review the determination of the board in a certiorari proceeding within four months after such determination was made.   Civ. Prac. Act, §§ 1284–1288.

If the board proceeded erroneously in any manner, if it acted upon insufficient evidence, if it failed to give the property owners a hearing, if it made a mistake in its determination, if, as has been intimated herein, it took into consideration an assessment roll not completed instead of the last preceding completed assessment roll, any or all of such errors could have been oppugned in a certiorari proceeding and the determination set aside.   As was stated in *People ex rel. Steward* v. *Railroad Commissioners*, 160 N. Y. 202, 211: "The fact that the question to be decided is a judicial one insures a right of review in the courts by a writ of certiorari, and thus, by a simple method of procedure, the legality of the enterprise and the public need for it are settled in one proceeding, instead of being the subjects of controversy in many, and all question is put at rest at a very early stage of the corporate existence."

The town board exercised a judicial function in determining that the petition was signed by a majority of the property owners and its action is reviewable by certiorari.   *People ex rel. Steward* v. *Railroad Commissioners*, 160 N. Y. 202; *People ex rel. Hayes* v. *Waldo*, 212 id. 156; *People ex rel. Uvalde A. Paving Co.* v. *Seaman*, 217 id. 70; *People ex rel. Hallock* v. *Hennessy*, 205 id. 301.

As the sufficiency of the petition has been judicially determined by a tribunal having jurisdiction, such determination may not be

attacked collaterally in this action. *Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234; *People ex rel. McCabe* v. *Matthies*, 179 id. 242–248.

But the plaintiff claims that the question of lack of jurisdiction may be raised at any time. This is so except when the jurisdiction depends upon a question of fact. If the tribunal has power to determine that question of fact and does determine it, then the question of fact is settled by the decision or judgment and becomes final and conclusive, the same as the decision, unless reviewed and set aside in a direct proceeding. *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30–38 and cases cited.

The plaintiff, with knowledge of the steps taken for the construction of the water system, having failed to take advantage of the remedy afforded it by law to review and set aside the determination of the town board, cannot now complain because it is not permitted to attack the validity of such determination and to prevent payment to those who have invested their money upon the faith of a determination which they rightfully believed to be final and conclusive.

The plaintiff not being entitled to relief in this action, the motion is denied, with ten dollars costs.

Ordered accordingly.