In the Matter of MARY KOZBA, Petitioner, against SOL KOZBA, Respondent.

Domestic Relations Court of City of New York, Family Court Division,
New York County, June 29, 1936.

*Paul Windels, Corporation Counsel* [*Alice E. Trubin* of counsel], for the petitioner.

*Henry Hirsch,* for the respondent.

TULIN, J. The petitioner seeks support and separate maintenance from the respondent on the ground that she is his wife and that he deserted her in December, 1935, that she is without any resources, and was forced to become a public charge. The respondent answers that he is not responsible for support since he secured an absolute decree of divorce in Ohio in March, 1936.

The petitioner and respondent were married in Cleveland, Ohio, on September 17, 1933. In March, 1935, the respondent left for New York. There is conflicting testimony as to whether he told the petitioner of his intended destination or plans, but there is no question that he sent for her in June, 1935, and that she came to New York to live with him. There is strong evidence to show that they did not get on well together, and at one time the petitioner secured work and lived separately for one month. The question of the responsibility for separation at that time is not material since the parties were reunited and moved into a joint home at 47–49 East Third street, New York, on November 25, 1935. Subsequently, on December 26, 1935, the respondent without any shown justification departed for Cleveland, Ohio. He did not advise the petitioner of his address or plans and left her without any funds so that she was forced to seek aid from the home relief bureau.

The respondent has sought to prove that he asked the petitioner to accompany him to Cleveland, but the corroborating evidence is flimsy and refers to a period prior to the time when the couple was reunited. The respondent has alleged that he went to Cleveland to seek work, but the evidence shows that within eight days after he left New York city his aunt and uncle received a letter advising them that he was seeking a divorce, and that two days after he received the divorce decree on March 21, 1936, he returned to New York city where he admits that he intends to remain. The respondent failed to give any evidence that he worked while in Cleveland, and the record shows that he did secure work as soon as he returned to New York.

The respondent admits that there was no personal notice, and that notice of the action was not sent to the last address at which the petitioner and the respondent lived together, at which address the petitioner has continued to live up to the present time. Notice by publication on January 20, 1936, was based on the respondent's

affidavit that the whereabouts of the petitioner was unknown, and that he was a resident of Ohio.

The conduct of the respondent and the conflicting testimony of his own witnesses show that he deserted his wife and went to Ohio solely in order to secure a divorce from the petitioner without her knowledge or consent. The respondent was not a true resident of Ohio and the court in Ohio, therefore, had no jurisdiction to grant him a divorce under section 11980 of the Ohio General Code, which requires that the plaintiff in a divorce action must be a resident of the State at least one year before the filing of the petition. It has long been established that a judgment rendered without jurisdiction of the tribunal is not entitled to full faith and credit in another State. (*Dull* v. *Blackman*, 169 U. S. 243; 43 L. Ed. 733 [1898]; *Pennoyer* v. *Neff*, 95 U. S. 714; 24 L. Ed. 565 [1877].) The judgment may, therefore, be attacked collaterally as well as directly, and cannot be set up as a bar in an action brought in such State or another State. (See 1 Beale, Conflict of Laws [1935], § 74.3, p. 328; *Dull* v. *Blackman, supra; Old Wayne Life Assn.* v. *McDonough*, 204 U. S. 8; 51 L. Ed. 345 [1907]; *Baker* v. *Baker, Eccles & Co.*, 242 U. S. 394; 61 L. Ed. 386 [1917]; *Dewey* v. *Des Moines*, 173 U. S. 193; 43 L. Ed. 665 [1899].)

Even if the respondent in this action had been a *bona fide* resident of Ohio, the petitioner was entitled to that method of service which was most likely to reach her, or at least reasonably calculated to do so, or the judgment is not entitled to full faith and credit. (See *McDonald* v. *Mabee*, 243 U. S. 90; 37 Sup. Ct. 343; 61 L. Ed. 608 [1917], in which Mr. Justice HOLMES stated: " To dispense with personal service the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done.") The Ohio General Code, section 11984, provides that in the case of non-resident defendants of divorce actions that: " Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained, a summons and copy of the petition, forthwith on the filing of it shall be deposited in the post-office, directed to the defendant at his place of residence." In this case the respondent fraudulently made it appear to the court that the address of the defendant in the divorce action was unknown, although she was still living at the address where he abandoned her, and although he had no reason to believe that she had moved. Service by publication in this case was a violation of the purpose of the Ohio statute, and certainly does not meet the requirement set down by the Supreme Court as to substitutes for personal service which will entitle

judgments based thereon to full faith and credit. In an early New York case recognition was refused to a foreign judgment where it was obtained by fraud even though the court rendering it had jurisdiction. (*Stanton* v. *Crosby*, 9 Hun, 370 [1876]. See, also, *Borden* v. *Fitch*, 15 Johns. 121 [1818].)

To permit a husband to desert his wife in New York, secure a divorce decree in a foreign State by fraud and without notice to the wife, and then return to New York and set up as a bar to an action for support by the wife the decree so secured, is clearly against public policy and the law of this State.

The respondent alleged that he is earning twelve dollars a week, but the report from his employer states that he earned thirty-three dollars in the ten days preceding the hearing.

The respondent is responsible for the support of the petitioner. Temporary order six dollars weekly, first payment to be made July 6, 1936. The case is adjourned to August 4, 1936, for a full investigation of the respondent's present earnings.