In the Matter of GERALDINE MORRIS, Petitioner, against ALFRED N. MORRIS, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, July 3, 1936.

*Paul Windels, Corporation Counsel [Alice E. Trubin, Assistant Corporation Counsel,* of counsel], for the petitioner.

*Abraham Levine,* for the respondent.

PANKEN, J.   Article 4, section 1, of the United States Constitution reads: " Each State to give full faith and credit to the public acts and records of other States.— Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.   And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The respondent in this case insists that the quoted article and section of the United States Constitution is a bar to the proceeding commenced by the petitioner for maintenance and support for her by him, on the ground that a decree of divorce was awarded the respondent in the Circuit Court of Gloucester county, State of Virginia, on the 10th day of January, 1935.

Inferentially, it is urged by the respondent that a decree of divorce having been granted to the respondent by a court of competent jurisdiction, the Domestic Relations Court of the City of New York has not the power to pass upon the validity or invalidity of such decree.   Thus there are two questions upon which the court must pass.

Each State legislates its own procedure.   A court having jurisdiction of the *res* under the statutes of the several States, may obtain jurisdiction of the person by substituted service.   That may be achieved either by publication and the mailing of the process or by published notice of the commencement of the proceeding only.

The Circuit Court of Gloucester county, Virginia, allegedly obtained jurisdiction of the person of the petitioner by publication, the petitioner not at that time being a resident of the State of Virginia.   It is significant that the decree of divorce entered by the Circuit Court of Virginia recites the fact that the petitioner was not at that time a resident of the said State.

It has been held under the common law and repeatedly reiterated that the domicile of the husband is *prima facie* also the domicile of the spouse.   It would appear that the recital of non-residence on the part of the petitioner herein and the defendant in the divorce proceeding in the Circuit Court of the State of Virginia, within that State, negatives any presumption of sharing the domicile of the respondent herein and plaintiff in the divorce proceeding, if

residence has been actually established by the respondent within that State. My conclusion upon all the testimony in the case is that the residence in the State of Virginia was not *bona fide*.

Unfortunately, it has become the common practice within our country, for one or the other partner to a marriage relationship, to resort to the establishment of fictitious residence intended and designed for no other purpose but presumably to confer upon the court of the supposed residence, jurisdiction to render divorce decrees dissolving the relationship. That practice should receive condemnation.

The domicile of matrimony of the parties before me was in the State of New York. The husband, the respondent herein, abandoned the wife, the petitioner, and went to the State of Virginia and attempted to establish a residence therein for no other purpose than to commence proceedings to relieve himself of the obligation which he undertook when he married her.

Even were the Virginia decree, above referred to, to recite that the petitioner herein was a resident of the State of Virginia, it could not be credited. An abandonment by a husband of his wife within one jurisdiction and a removal by him to another jurisdiction does not *ipso facto* neither deprive the spouse of her residence within the jurisdiction of her matrimony, nor does it make the domicile of her husband also hers.

Surely, what has been fraudulently conceived will not be protected by the Constitution of the United States. "Full faith" can only be given to that which is the result of good and full faith. Credit can only be given when and where the act, the record or the proceeding is not tainted with dishonesty and fraud practiced upon the State issuing or participating in same.

The courts of our State have uniformly refused to recognize decrees of divorce obtained in other jurisdictions when the court of such foreign jurisdiction did not obtain jurisdiction of the person either by appearance or by service of the process within the confines of that jurisdiction, excepting in some cases where the decrees were obtained because of the adultery of the offending spouse. (*Beeck* v. *Beeck*, 211 App. Div. 725.)

To recognize the decree of divorce granted in the State of Virginia to the respondent herein would be tantamount to rewarding the respondent for the fraud which he perpetrated. My colleague, Justice TULIN, had a similar case before her (*Matter of Kozba* v. *Kozba*, 160 Misc. 56), in which she cites *Dull* v. *Blackman* (169 U. S. 243) and *Pennoyer* v. *Neff* (95 id. 714), in support of the principle that a judgment rendered without jurisdiction of a tribunal is not entitled to full faith and credit under article 4, section 1,

of the United States Constitution. Undoubtedly, such a judgment can be attacked collaterally. I conclude as a matter of public policy and the established law of the State, that the decree upon which the respondent rests his case has not validity in the State of New York.

That leaves the second question for determination: Has the Domestic Relations Court of the City of New York the power to pass upon the validity of a decree of a foreign jurisdiction? I think it has. Sections 91 and 92 of the Domestic Relations Court Act vest the court with power to make orders for the support and maintenance of a wife, child or poor relative. Section 103 of the Domestic Relations Court Act defines the jurisdiction of the court: " A husband   *   *   *   may be required to furnish support or may be found guilty of non-support,   *   *   *   if, at the time of the filing of the petition for support, (a) he is residing or domiciled in the city."

The quoted portion of section 103 confers upon the court jurisdiction where the respondent is a resident of the city of New York. I find as a matter of fact, and that is uncontradicted, that the respondent and the petitioner are residents of the city of New York. Therefore, the court does have jurisdiction of the subject-matter.

When a court is vested with powers to perform certain acts and/or require certain acts to be performed and where the performance of such acts, or the requirement to perform same, is dependent upon the finding of facts or the resolving of questions of law, it is elementary that the court must have the power to find the facts and to resolve the law.

The respondent raised a question of law as a bar to the petitioner's right to maintenance and support. That question of law can and, as a matter of fact, has been raised in the Domestic Relations Court of the City of New York. Before a determination can be made by the court as to whether or not the petitioner is entitled to maintenance and support, it must first resolve the question of law. That power is inherent. It is incident, and necessarily so, to the performance of the duties and the purposes and functions of the court.

Having resolved the two questions as above set forth, I conclude that the petitioner is entitled to support and maintenance from the respondent, her husband, and the motion, therefore, to dismiss the proceeding is denied.

Temporary order is continued.