In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by JOSEPH BERGEN, Claimant.

INTERNATIONAL ELEVATING COMPANY, Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, November 12, 1941.

*Cullen & Dykman [Arthur E. Goddard, Harry G. Hill* and *Robert B. Lisle* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General; Henry Epstein, Solicitor General [W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the respondent.

SCHENCK, J. This is an appeal by International Elevating Company, an employer, from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of a referee holding the claimant herein to be entitled to benefits under the Unemployment Insurance Law (Labor Law, art. 18, §§ 500–539) of New York State. The controversy is in regard to the question of whether the claimant was or was not engaged in the maritime field on navigable waters of the United States in such manner as to be outside the scope of the power of the State of New York in this respect.

The claimant was employed as a " grain trimmer " in connection with the operation of floating grain elevators owned and operated by the employer herein. The elevators were used in the business of loading and unloading grain to and from vessels in the harbor of New York. In brief, the business of the employer was to transfer grain from one vessel to another as, for example, to transfer a cargo of grain from an ocean-going ship to a barge for further transportation. The elevators used in the business are self-propelling. They are made fast to the steamship from which or to which the transfer is to be made while the ship is at the pier. Thereupon the vessel to which or from which the grain is to be transferred comes alongside the elevator and the transfer is made via the elevator.

Trimmers, such as claimant, work not only on the elevator itself but also in the holds of the discharging or receiving vessels. They operate steam shovels which push the grain to the elevator " leg," see to the " trimming " of the grain in the two holds, handle ship lines and perform other similar duties. They never work on shore. Some of the piers at which the elevators are used are located in New York; others are in New Jersey. Claimant has worked at piers in both States during the period involved herein.

Under the foregoing facts, it seems clear to me that this claimant has been engaged in interstate commerce on the navigable waters of the United States. He is accordingly not subject to the jurisdiction of either New York State or New Jersey (although under the decisions of the Board he might be subject to both), but rather is

subject solely, in respect to the matter in controversy here, to the admiralty and maritime jurisdiction of the United States.

This jurisdiction is pursuant to section 2 of article III of the Constitution of the United States. It cannot be delegated to the several States. The grant of admiralty jurisdiction to the Federal government was: " * * * to commit direct control to the Federal Government; to relieve maritime commerce from unnecessary burdens and disadvantages incident to discordant legislation * * *." (*Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149.) This purpose would be violated if the Board's decision herein were upheld.

The New York Workmen's Compensation Law has been held inapplicable to carpenters, rock-loaders, boiler-workers, and watchmen on various types of vessels, engaged in operations similar to those here, on the ground that they were engaged in maritime employment. (See *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of Keator* v. *Rock Plaster Manufacturing Co.*, Id. 540; *Norman* v. *Merritt & Chapman Derrick & Wrecking Co.*, 200 App. Div. 360.)

There is no basic distinction between the Unemployment Insurance Law and the Workmen's Compensation Law so far as fundamental jurisdiction is concerned. It follows that the employer herein cannot be subjected to the New York State Unemployment Insurance Law. The decision of the Board must, accordingly, be reversed.

It is unnecessary to go into the Federal and State statutes that might otherwise be involved. Suffice to say that title IX of the former Social Security Act excepts from the term employment, " service performed as an officer or member of the crew of a vessel on the navigable waters of the United States." (Internal Revenue Code [U. S. Code, tit. 26], § 1607, subd. [c], ¶ [4].) This is superfluous in view of the above-mentioned constitutional provision upon the point but is referred to as being an additional ground for reversal here.

The decision of the Unemployment Insurance Appeal Board should be reversed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Decision of the Appeal Board reversed, with costs.