## DURLACHER v. DURLACHER.
### No. 9777.

Circuit Court of Appeals, Ninth Circuit.
Oct. 28, 1941.

As Amended on Denial of Rehearing
Dec. 10, 1941.

Lloyd V. Smith, of Reno, Nev., for appellant.

Platt & Sinai, of Reno, Nev., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from that part of a judgment of the district court denying to appellant recovery on a judgment of the supreme court of the State of New York, recovered in that court in a suit for separation and maintenance brought there by the appellant, then wife, hereafter called Helen, against the appellee, then her husband, hereafter called Simon.

A prior judgment for separation contained an order that Simon should pay Helen $833.33 per month for her support. The New York law (Sec. 1171-b of Civil Practice Act, Ch. 431, Laws of 1939) provides that, upon a noticed hearing, the court may order the entry of a judgment against the husband failing to perform his obligation to the wife to make the ordered payments. Durlacher v. Durlacher, 173 Misc. 329, 17 N.Y.S.2d 643, 647.

Helen was divorced by Simon in Nevada. After the divorce, the New York court gave to her three such maintenance judgments, two for $833.33 and the one here considered for $1,666.66, the aggregate creating the district court jurisdictional amount.

In the court below, Helen, a citizen of New York, domiciled therein, sued Simon, a citizen of Nevada, residing therein, for the amount of the three judgments. She recovered on the two $833.33 judgments, but the district court denied recovery on the third. Simon has not appealed. Helen's appeal brings to us only the refusal of the district court to recognize the validity of the latter New York judgment.

Helen claims that the district court failed to give the faith and credit to the New York judgment which is given to it by the New York courts as required by 28 U.S.C.A. § 687, the pertinent portions of which provide: "The records and judicial proceedings of the courts of any State * * * shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

■ By this act, the provision of Art. 4, sec. 1 of the United States Constitution was "extended * * * to all courts, federal as well as state." Mills v. Duryee, 7 Cranch 481, 485, 3 L.Ed. 411; Davis v. Davis, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Kloeb v. Armour & Co., 311 U.S. 199, 203, 61 S.Ct. 213, 85 L.Ed. 124.

■ Since the Nevada district court is required to give the judgment only the faith and credit given it in New York, the question then arises whether the judgment is subject to collateral attack in New York. If it be not subject to collateral attack there, it is not in Nevada.

■ The district court found that Simon had not appeared in the proceeding in the New York maintenance suit in which Helen procured the $1,666.66 judgment against him. In this finding the court erred. The case was submitted on an agreed statement of facts and there is no agreement as to Simon's non-appearance in the New York proceeding.

Simon does not rely on the district court's finding but concedes here that the maintenance suit was commenced within the jurisdiction of the New York court and that at the time that judgment here sued on was rendered that court had jurisdiction in personam over him. Simon's sole contention [1] in support of the district court's action in disallowing the third New York judgment in its judgment is that the New York court lost jurisdiction of the subject matter of the maintenance proceeding because the matrimonial relationship between him and Helen had been dissolved prior to the rendition of the latter New York judgment.

■ Since the New York supreme court had acquired and retained jurisdiction in personam over Simon, he had the right to appear in the action there and plead the fact, for it is but a fact from the standpoint of the New York tribunal, that the Nevada divorce decree had ended the matrimonium and hence the right to maintenance during the separation had terminated.

Nevertheless in New York Simon could have brought a suit in which he would have been entitled to show that the court had lost jurisdiction in the maintenance proceed-

---

[1] Appellee states his "sole" contention as follows:

"Only a single legal point is involved in this appeal. It was contended by the Defendant-Appellee (and which contention was sustained by the trial court) that the Nevada decree of divorce, having completely severed the marital tie, destroys the basis for the New York separation decree, founded upon the marital relation, and that no recovery may be had in Nevada for any alleged amounts due for separate maintenance after the entry of the Nevada divorce decree. This contention is founded upon principle and reason and is sustained by many courts in various jurisdictions including the State of Nevada."

**72**

ing.[2] If successful he could have restrained Helen from procuring execution or suing on her New York judgment in the maintenance proceeding. However, he could not have prevailed in such a separate suit because the divorce decree he would have pleaded as causing the loss of jurisdiction in the maintenance proceeding was obtained without Helen's appearance therein or her presence in Nevada or her service within that state. New York holds invalid a divorce decree so obtained.[3] Hence, in New York, Helen's maintenance judgment was secure from collateral attack and would be given full faith and credit in that jurisdiction.

Simon contends, however, that such faith and credit should not be given it since the present suit was instituted in Nevada and the Nevada United States District Court was bound to apply the law of the State of Nevada. The Nevada law is claimed to be that, upon the dissolution of the marital tie, the court in which the prior maintenance proceeding was pending lost jurisdiction to render a judgment for maintenance sums. Cf. Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378. That is to say, the Nevada federal court could refuse to recognize the New York judgment because repugnant to Nevada law.

■ The Supreme Court has repeatedly held that under the full faith and credit clause of the Constitution (extended by the statute to the court below), a judgment of a sister state must be enforced, even though the cause of action upon which the judgment is based is repugnant to the law of the state requested to enforce it. Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141; Fauntleroy v. Lum, 210 U.S. 230, 236, 28 S.Ct. 641, 52 L.Ed. 1039; Kenney v. Supreme Lodge, 252 U.S. 411, 415, 40 S.Ct. 371, 64 L.Ed. 638, 10 A.L.R. 716. Cf. Biewend v. Biewend, 17 Cal.2d 108, 109 P.2d 701, 132 A.L.R. 1264; (1941) 20 Calif.L.Rev. 754.

■ Nor can it be said that the case is one of conflict of laws under Klaxon Company v. Stentor Electric Company, 61 S. Ct. 1020, 85 L.Ed. 1477, rendered since the writing of appellee's brief. The principle established in that case has no application to the instant suit which concerns a federal statute (28 U.S.C.A. § 687) creating the law controlling the district court below and requiring it to give the New York judgment the effect in Nevada which it has in New York.

The cause is reversed and remanded with instructions to include the $1,666.66, the subject of this appeal, in the judgment against Simon.

Reversed and remanded.

MATHEWS, Circuit Judge, concurs in the result.

---

[2] Battalico et al. v. Knickerbocker Fireproofing Co., 250 App.Div. 258, 294 N.Y. S. 481, 486; Ferguson v. Crawford, 70 N. Y. 253, 256, 257, 267, 26 Am.Rep. 589; Eastman Kodak Co. v. Richards, 123 Misc. 83, 204 N.Y.S. 246, 251; Doey v. Clarence P. Howland Co., 224 N.Y. 30, 120 N.E. 53, 55; O'Donoghue v. Boies, 159 N.Y. 87, 53 N.E. 537, 539, 540.

[3] Dean v. Dean, 241 N.Y. 240, 149 N. E. 844, 846, 42 A.L.R. 1398; Morris v. Morris, 160 Misc. 59, 289 N.Y.S. 636, 639; Beeck v. Beeck, 211 App.Div. 720, 725, 208 N.Y.S. 98; Giuliano v. Giuliano, 163 Misc. 655, 297 N.Y.S. 238, 239; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1.