In the Matter of the Claim of GIUSIPPIANA RUBINO, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 24, 1969.

J. Lee Rankin, Corporation Counsel (Stanley Buchsbaum and L. Michael Rudolph of counsel), for appellant.

Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.

David Scher for claimant-respondent.

GIBSON, P. J.  Appeal is taken by a self-insured employer from a decision of the Workmen's Compensation Board, filed February 5, 1968, which, among other things, established the date of the deceased employee's disablement from Dupuytren's contracture as February 19, 1962.  The finding accorded with the proof and, also, with the employee's claim for compensation, which had initiated the proceeding, whereby " Feb. 1962 " was alleged to have been the " date of accident ".  The disablement date had previously been fixed by the board as May 4, 1962, which date was subsequent to the amendment to the Workmen's Compensation Law which excluded from coverage employment in the Department of Sanitation of the City of New York in the classification in which decedent was employed.  (L. 1962, ch. 551, eff. April 18, 1962.)

Although appellant employer concedes the propriety of the change of disablement date and the authority of the board to make the change, it contends that the proceedings prior to the decision fixing the new date of disablement were void for lack of jurisdiction; and for that reason asserts the right on this appeal to challenge and have reviewed a prior decision of the board filed April 15, 1966, denying the employer's application for reimbursement of wages paid during disability (Workmen's Compensation Law, § 25, subd. 4, par. [a]), despite its failure to appeal either the April 15, 1966 decision or the implementing decision and award by the Referee, made June 21, 1966 upon remand.  The objection to jurisdiction was not interposed at any time during the course of the protracted litigation until March 9, 1967, when it was asserted to contest an application to impose a penalty for appellant's failure either to appeal the award or to pay it.  The Referee imposed the penalty, but, upon review, the board by its decision filed February 5, 1968 rescinded it.  By that same decision a new date of disablement was established, correctly and within the board's authority, as appellant concedes, appellant's position being stated as follows:  " Although the award and the determinations in relation to it were a nullity prior to the Board's decision on February 5, 1968, we do not deny that they could be made effective by that determination if it is valid.  We do assert, however, that, on an appeal from the February 5, 1968, decision, we may challenge all of the prior decisions relating to the award since they, in effect, came into being for the first time as a result of the February 5th decision.  Prior to that time they were null and void.  Among the decisions which first came into being on February 5, 1968, is the determination with regard to the City's right to reimbursement."

This is not the usual case of a basic jurisdictional defect that had always existed, could never be supplied and in consequence rendered all proceedings void *ab initio*. (See, e.g., *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, cert. den. 248 U. S. 574.) The claim itself specified the date of disablement as "Feb. 1962"; and finding, as we do, that the true disablement date was that of February 19, 1962, as the board ultimately held, it would seem to follow that since the board would always have jurisdiction of a claim bottomed on that disability date, it had, and continued to have jurisdiction of this one. The naked finding of the May disablement date did not serve *ipso facto* to extinguish jurisdiction properly invoked by a claim which alleged a disablement date prior to the critical amendment of the statute. Indeed, in the context in which the finding was made, and certainly while it remained unimplemented by a dismissal or an application therefor, it was not, at the time, of any greater jurisdictional significance than an intermediate factual finding of that nature in any other case, subject, as it was, to correction at any time by virtue of the board's continuing jurisdiction. (Workmen's Compensation Law, § 123.)

The employer's assertion that all of the decisions prior to the February 5, 1968 decision were "null and void" and "came into being for the first time" as the result of that corrective decision, point up the fallacy in its argument; for if the board truly had no jurisdiction, then all of its proceedings were void beyond redemption and nothing could "c[o]me into being for the first time" on February 5, 1968.

Thus, in the case before us, although the finding, while unamended, would have supported an application to dismiss the claim, it did not, in our view, immediately and without more, void all past, present and prospective proceedings before the board. Consequently, appellant's right to review the 1966 decisions denying reimbursement was not preserved after the expiration of the statutory period for service of notice of appeal.

We deem it appropriate to add that if the merits were before us we would affirm the board's denial of appellant's application for reimbursement; inasmuch as this schedule award for Dupuytren's contracture, being for loss of earning capacity and not for loss of earnings, had nothing to do with any of the periods of absence during which wages were paid. Hence there could be no valid claim for reimbursement in any event. Specifically, appellant sought to recoup from the proceeds of the schedule award, the amount of the wages paid during the period from May 4, 1962 to decedent's retirement on February 19, 1963. Decedent was away from work during all of this time. Two

periods of absence during this time were charged to sick leave; one period of absence was charged to annual leave; and the final period to terminal leave. The sick leave was granted, as the board found, by reason of noncompensable disability, unrelated to the partial disability for which the schedule award in dispute was made; and the annual leave and terminal leave were provided for by the collective bargaining agreement, in evidence, under which decedent worked. The board found "that the employer is not entitled to reimbursement for wages paid for sick leave due to unrelated arthritis of the back and arms [or] * * * for absences charged to annual and terminal leave ". (See *Matter of Smith* v. *Rome Cable Corp.,* 27 A D 2d 972; *Matter of Knaszak* v. *Buffalo Forge Co.,* 15 A D 2d 971.) The decision is supported by substantial evidence.

The decision should be affirmed, with one bill of costs to respondents filing briefs.

HERLIHY, REYNOLDS, AULISI and GREENBLOTT, JJ., concur.

Decision affirmed, with one bill of costs to respondents filing briefs.